## In re Pill RAJA, M.D.

### No. 11–06–00137–CV.

Court of Appeals of Texas,
Eastland.

July 27, 2006.

Nyria Jackson, Max E. Wright, Wright & Jackson, P.C., Midland, Diana L. Faust, R. Brent Cooper, Cooper & Scully, P.C., Dallas, for appellant.

Robert James Talaska, Timothy Lyle Culberson, The Talaska Law Firm, P.L.L.C., Houston, for appellee.

Panel consists of: WRIGHT, C.J., and McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

This is an original mandamus proceeding seeking to set aside the trial court's order allowing Ulanda McGruder, individually and as next friend of Lacasha Lucas, a minor, to take the oral deposition of Pill Raja, M.D. in Trial Court Cause No. A–12,654 pending in the 70th District Court. We conditionally grant the petition for writ of mandamus.

### Background Facts

McGruder filed a request to take the deposition of Dr. Raja under Tex.R. Civ. P. 202 to investigate a potential health care liability claim. Dr. Raja filed a motion to

quash the deposition. The trial court held a hearing on McGruder's request. McGruder argued that Rule 202 allowed her to take Dr. Raja's deposition to determine what kind of medical care she received during her pregnancy, labor, and delivery and to determine if she should file suit. The trial court granted McGruder's request allowing her to take the deposition of Dr. Raja within sixty days of the signing of the order. Dr. Raja filed this petition for writ of mandamus.

### Standard of Review

■■■ Mandamus is appropriate only if the trial court abused its discretion and there is no adequate appellate remedy. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). An error in compelling a deposition cannot be cured on appeal; therefore, if the deposition was improperly ordered, mandamus relief is proper. *In re El Paso Healthcare Sys.,* 969 S.W.2d 68 (Tex.App.-El Paso 1998, orig. proceeding).

### Discussion

■■■ When interpreting a statute, we must determine and give effect to the legislative intent. *City of San Antonio v. City of Boerne,* 111 S.W.3d 22 (Tex.2003). We must construe statutes as written and, if possible, ascertain legislative intent from the statute's language. *Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001); *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985).

TEX. CIV. PRAC. & REM.CODE ANN. ch. 74 (Vernon 2005 & Supp.2005) contains the rules and procedures for medical liability claims. When the legislature adopted Chapter 74, it made several factual findings.[1] These included findings that the number of health care liability claims had increased inordinately since 1995, that a medical malpractice crisis existed in Texas, and that this crisis had caused a material adverse effect on the delivery of medical and health care in Texas. The legislature indicated that the purpose of Chapter 74 included reducing the excessive frequency, severity, and costs of health care liability claims.

■■■ The principle tool utilized by the legislature to reduce the frequency and cost of health care liability claims is Section 74.351, which imposes an expert report requirement on medical malpractice claimants. That statute requires claimants to serve a report within 120 days of filing a claim. The statute further provides:

(s) Until a claimant has served the expert report and curriculum vitae as required by Subsection (a), all discovery in a health care liability claim is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through:

(1) written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;

(2) depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and

(3) discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

This statute clearly indicates the legislature's intent to condition a claimant's ability to depose a doctor upon the pres-

---

**1.** See the historical note accompanying Section 74.001.

entment of a proper expert report and curriculum vitae.

■ McGruder is attempting to at least postpone, if not avoid altogether, Section 74.351 by filing a request for Raja's deposition under TEX.R. CIV. P. 202. Rule 202 allows a person to petition the court for an order authorizing the taking of an oral or written deposition to either perpetuate testimony for use in an anticipated suit or to investigate a potential claim or suit. Rule 202.1 provides:

> A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either:
>
> (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or
>
> (b) to investigate a potential claim or suit.

The proceeding is not a separate lawsuit but is incident to and in anticipation of a suit. *Office Employees Int'l Union Local 277 v. Southwestern Drug Corp.*, 391 S.W.2d 404, 406 (Tex.1965).

McGruder relies upon the Tyler Court of Appeals's decision, *In re Allan*, 191 S.W.3d 483 (Tex.App.-Tyler 2006, orig. proceeding [mand. pending] ), to argue that one may take a Rule 202 deposition of a doctor to investigate a potential medical malpractice action against that doctor. The Tyler Court comprehensively reviewed Section 74.351(s)'s legislative history and held that the statute's stay of discovery did not preclude a Rule 202 deposition of a potential malpractice defendant. *Id.* at 488–89. Section 74.351(s) was included in House Bill 4.

The court tracked House Bill 4's language from its earliest version through final passage. Originally, House Bill 4 specifically precluded a Rule 202 deposition of a physician or health care provider for the purpose of investigating a health care liability claim. *Id.* at 487. Subsequent versions altered this provision. House Bill 4's final version contained no express limitation, restriction, or prohibition on Rule 202 depositions. *Id.* at 488. The court concluded that this history indicated a legislative intent to allow Rule 202 depositions of doctors or health care providers to investigate a potential claim. We respectfully disagree with the Tyler Court's conclusion.

We recognize that House Bill 4's language was altered during the 2003 legislative session in both the House and Senate and that language that specifically addressed the applicability of Rule 202 was ultimately replaced with a provision that is silent on Rule 202's applicability. Both parties argue these changes indicate a legislative preference for their position. House Bill 4's legislative history is a relevant factor, but the specific changes identified by the Tyler Court occurred at various times during the session and were promulgated by various legislators or committees. Speculation as to why they altered the bill's language cannot override consideration of the express language that the entire legislature did ultimately adopt. While consideration of legislative history is appropriate,[2] we believe the issue can and, therefore, should be resolved using the statute's language and the legislature's stated findings and purpose.

2. *See, e.g.,* TEX. GOV'T CODE ANN. § 311.023(3) (Vernon 2005). When construing a statute, courts may consider the object to be attained, the circumstances under which the statute was enacted, legislative history, common law or former statutory provisions, consequences of a particular construction, administrative construction of the statute, and any title, preamble or emergency provision. *Id.*

The Tyler Court found that a Rule 202 proceeding was not subject to the report requirement because a potential cause of action was not a health care liability claim as defined by Section 74.001(13).[3] We agree that a potential claim is not a health care liability claim and, therefore, that merely requesting a Rule 202 deposition does not trigger Section 74.351(a)'s 120-day deadline. But, to then conclude that no provision of Section 74.351 is applicable to a Rule 202 proceeding against a potential medical malpractice defendant is contrary to the statute's language and the legislature's stated findings and purpose.

Much of the legislature's stated findings concern the cost and availability of liability insurance. The legislature did, however, refer to its desire to reduce the costs of claims. Limiting almost all discovery pending production of an expert report serves that purpose. In a malpractice case, depositions of party health care providers are expensive because they necessarily require considerable expenditures of time and resources to prepare for and conduct the depositions. If Rule 202 is allowed to supplant Section 74.351(s), then the legislature's desire to contain costs by conditioning the oral deposition of a defendant doctor on the production of an expert report is ignored. *Cf. Murphy v. Russell,* 167 S.W.3d 835, 838 (Tex.2005) (holding that plaintiff could not avoid former Tex. Rev.Civ. Stat. art. 4590i (1999) (repealed 2003) requirement that health care liability claims be scrutinized by an expert before proceeding by artfully pleading her claim as a battery based upon lack of consent).

Moreover, Rule 202 is a procedural provision adopted by the Texas Supreme Court. Chapter 74 is a substantive enactment that comprehensively governs medical malpractice actions. Section 74.002(a) provides:

In the event of a conflict between this chapter and another law, including a rule of procedure or evidence or court rule, this chapter controls to the extent of the conflict.

Reading Rule 202 as an exception to Section 74.351(s), rather than Section 74.351(s) as a limitation to Rule 202, is counter to this provision.

Other courts have recognized the legislature's desire to restrict oral depositions prior to providing an expert report. In *In re Huag,* 175 S.W.3d 449 (Tex.App.-Houston [1st Dist.] 2005, orig. proceeding), and *In re Miller,* 133 S.W.3d 816 (Tex.App.-Beaumont 2004, orig. proceeding), the courts considered Section 74.351(s), which prohibited oral party depositions, and Section 74.351(u), which allowed claimants to take two depositions before serving an expert report, "[n]otwithstanding any other provision of this section." Both courts held that, in light of the legislature's expressed desire to limit discovery prior to providing an expert report, Section 74.351(u) could not be read to allow the deposition of a party doctor before providing a report. The propriety of a Rule 202 deposition was not in issue in either case; but, in *Huag,* the court specifically noted that the only types of discovery which were not excepted from Section 74.351(s)'s discovery stay were oral depositions of parties and pre-suit depositions. 175 S.W.3d at 456.

---

**3.** "Health care liability claim" is defined as "a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract."

McGruder complains that, if she is not allowed to take a Rule 202 deposition, her ability to pursue a cause of action will be lost because the medical records are insufficient to allow an expert to determine if a standard of care was breached. McGruder contends that she would be put to a Hobson's choice: abandon her investigation and not file a claim, or file a claim and be forced to rely upon an insufficient expert report because of the incomplete medical records.

■ Our limited record does not include any medical records; and, thus, we cannot pass judgment on the merits of McGruder's allegation. However, even if the medical records are incomplete or inadequate, that does not change our analysis. Section 74.351 requires a report in each instance when asserting a claim against a doctor. The statute contains no exception to the report requirement or discovery stay for inadequate or incomplete medical records. *See In re Miller*, 133 S.W.3d at 818–19 (rejecting argument that requiring a report without allowing the deposition of the defendant doctor requires a plaintiff to make bricks without straw).

The statute does provide that a motion challenging the adequacy of an expert report shall be granted "only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6)." Section 74.351(*l*). This allows trial courts to consider the quality of the defendant's records when determining whether a good faith effort has been made. But, to allow McGruder to avoid Section 74.351(s)'s discovery stay by filing a Rule 202 proceeding reads an exception into the act which was not included by the legislature. *See* Michael S. Hull et al., *House Bill 4 and Proposition 12: An Analysis with Legislative History*, 36 Tex. Tech L.Rev. 169,

209–10 (2005) (Rule 202 depositions are conspicuously absent from the list of pre-expert report discovery allowed by Section 74.351).

*Conclusion*

■ The language of Section 74.351 precludes McGruder from taking Dr. Raja's deposition before the filing of an expert report. We find that the trial court abused its discretion in granting McGruder's request for a Rule 202 deposition and sustain Dr. Raja's issue. The writ is conditionally granted. In the event that the trial court does not rescind its March 31, 2006 order granting McGruder's request to take Dr. Raja's Rule 202 deposition and issue an order quashing Dr. Raja's deposition, then a writ of mandamus shall issue.