Petitions for Writ of Mandamus Conditionally Granted and Opinion filed
November 30, 2006








 

Petitions
for Writ of Mandamus Conditionally Granted and Opinion filed November 30, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00899-CV

____________

 

IN RE MEMORIAL HERMANN HOSPITAL SYSTEM D/B/A 

MEMORIAL HERMANN SOUTHEAST HOSPITAL, Relator

____________

 

NO. 14-06-00913-CV

____________

 

IN RE MOHAMMAD SIDDIQI, M.D., AND 

PHILIP A. HAYNES, M.D., PH.D., Relators

 

 



 

ORIGINAL
PROCEEDINGS

WRIT OF MANDAMUS

 



 

O P I N I
O N 








Relator
Memorial Hermann Hospital Systems, d/b/a Memorial Hermann Southeast Hospital (AMHHS@), and relators, Mohammad Siddiqi,
M.D. and Philip A. Haynes, M.D., Ph.D. (the ADoctors@), filed petitions for a writ of
mandamus in this Court, seeking relief from an order signed by respondent, the Honorable
Patricia Hancock, presiding judge of the 113th Judicial District Court, Harris
County, Texas, granting a petition to conduct oral depositions under Rule of
Civil Procedure 202, filed by real party in interest Wendy Guzman concerning
emergency medical care provided to Guzman=s son, Tristan.[1] 
For the reasons discussed below, we conclude that the trial court=s order granting the oral depositions
of relators in this case is an abuse of discretion for which relators have no
adequate remedy by appeal.  Accordingly, in both Cause No. 14-06-00899 and
Cause No. 14-06-00913, we conditionally grant the petitions for a writ of
mandamus.   

Background


The
mandamus record indicates that seven year-old Tristan Guzman received emergency
medical treatment on two consecutive days, February 12 and February 13, 2006,
at MHHS=s emergency room.  Doctor Haynes was
the attending emergency room physician on February 12, and Dr. Siddiqi was the
attending emergency room physician on February 13.  Nurse Tammy McCrumb also
participated in Tristan=s care on February 13.  Tristan was eventually transferred to
another facility, where he remained hospitalized for over two months.    

On
August 23, 2006, Wendy Guzman filed a petition under Rule 202, seeking to
depose the Doctors and McCrumb.  Relators filed motions to quash and objections
to the petition, arguing the pre-suit depositions were prohibited under the
Texas Medical Liability Act (the ATMLA@).[2] 
After conducting a hearing, respondent signed an order on September 25, 2006
(the ASeptember 25 order@), stating, in part, the following:

a.    
Section 74.351(s) . . . does not apply to a Rule 202 deposition because there
is no health care liability claim that is being prosecuted at the present time,
as no notice of claim has been given.  In re Allan, 191 S.W.3d 483 (Tex. App.CTyler 2006);








b.     An alternative basis for this order is that
even if Section 74.351(s) applies to potential claims by a person who has not
yet filed a notice of claim against any health care provider or physician,
Section 74.351(s)(3) specifically permits discovery from nonparties under Rule
205 of the [TRCP].  Rule 205 expressly permits a Rule 202 oral deposition of a
nonparty. Since no notice has been given to any party, and no claim has been
instituted, all the persons whose depositions have been compelled by this order
are nonparties, and therefore the Rule 202 depositions are permissible under
Rule 205. 

Relators seek a writ of
mandamus compelling respondent to vacate the September 25 order. 

Standard of Review

Mandamus
relief is available when the trial court abuses its discretion or violates a
legal duty, and there is no adequate remedy at law.  In re Dana Corp.,
138 S.W.3d 298, 301 (Tex. 2004) (citing Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992)).  A trial court abuses its discretion if it reaches a
decision so arbitrary and unreasonable as to amount to a clear and prejudicial
error of law, or if it clearly fails to correctly analyze or apply the law.  In
re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005).  There is
no adequate remedy by appeal when an appellate court cannot remedy a trial
court=s discovery error.  In re Dana
Corp., 138 S.W.3d at 301; see also In re Allan, 191 S.W.3d 483, 489
(Tex. App.CTyler 2006, orig. proceeding [mand. pending]) (concluding an order
granting Rule 202 depositions of health care parties against whom a suit is
contemplated is interlocutory and not a final, appealable order).      

Discussion

Relators
argue that the express language of subsections 74.351(s) and (u), and the
legislative intent underlying the TMLA, preclude pre-suit oral depositions of
health care defendants.  They assert that, by allowing Guzman to conduct the
pre-suit oral depositions, the trial court has interpreted Rule 202 as
controlling over the statute=s provisions, violating section 74.002.[3] 









Contrarily,
Guzman argues that the TMLA does not prohibit the pre-suit oral depositions
because the statute does not apply to Apotential@ health care claims, and she is not a
Aclaimant@ as defined in the statute.  Guzman
argues that, even assuming the TMLA is applicable, section 74.351 and Rule 205
expressly permit oral depositions of nonparty witnesses through a Rule 202
petition.[4]  The trial
court=s order reflects it granted the
petition based on both of Guzman=s arguments; therefore, we address
the two issues raised here: (1) whether discovery may be conducted under Rule
202 when chapter 74 precludes it, and (2) if chapter 74 is considered, whether
the health care defendants are nonparties excepted from the discovery stay
under section 74.351(s). 

When
interpreting a statute, our primary objective is to ascertain and give effect
to the legislature=s intent.  Sultan v. Mathew, 178 S.W.3d 747, 749 (Tex.
2005).  ATo discern that intent, we consider
the objective the law seeks to obtain and the consequences of a particular
construction.@  Id.  We consider the statute as a whole and give meaning to the
language that is consistent with all of its provisions.  Id.    








Due to
the Amedical malpractice insurance crisis@ in Texas, by enacting chapter 74,
the legislature sought to reduce the frequency, severity, and costs of health
care liability claims.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.001 historical note (Vernon
2005).  Pursuant to these objectives, the TMLA requires, in part, that a party
asserting a cause of action against a health care provider for injuries or
death proximately caused by the provider=s treatment, lack of treatment, or
other alleged breach of the standard of care, must file an expert report within
120 days after filing the claim.  See id. '' 74.001(12)B(13), 74.351; see In re Raja,
No. 11-06-00137-CV, 2006 WL 2075230, at *1 (Tex. App.CEastland  July 27, 2006, orig.
proceeding, pet. filed) (describing section 74.351 as the Aprinciple tool@ used by the legislature to reduce
the frequency and costs of health care liability claims).  Until the expert
report is filed, section 74.351(s) provides that all discovery is stayed,
except as follows:

acquisition
by the claimant of information, including medical or hospital records or other
documents or tangible things, related to the patient=s health care through:

(1)
written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;     

(2)
depositions on written questions under Rule 200, Texas Rules of Civil
Procedure;  and 

(3) discovery from nonparties under Rule 205, Texas
Rules of Civil Procedure.

Id. ' 74.351(s).  Further, section
74.351(u) provides that, regardless of any other provision in the section, Aafter a claim is filed all claimants,
collectively, may take not more than two depositions before the expert report
is served as required by Subsection (a).@[5]  Tex. Civ. Prac. & Rem. Code
Ann. ' 74.351(u).  Rule 202 permits a
person to petition the court for an order authorizing the taking of a
deposition to perpetuate or obtain testimony for use in an anticipated suit or
to investigate a potential claim or suit.  Tex. R. Civ. P. 202.1.    








In her
petition, Guzman seeks the oral depositions of the Doctors and McCrumb in
contemplation of a health care claim regarding Tristan=s medical care, stating she Aseeks to perpetuate testimony of
potential witnesses in potential future litigation or investigate potential
claims for personal injuries against all persons or entities who may have
caused or contributed to the severity of@ Tristan=s illness.  MHHS and the Doctors are
listed as potentially adverse parties in the petition, and it states that venue
is proper in Harris County A[i]n the event that the investigation of this potential claim
shows sufficient reason to pursue a lawsuit.@  Further, the petition states that Adetailed information concerning the
events involving the medical care, medical testing and evaluation of [Tristan]
. . . including evaluation of the reasoning of the medical care providers, . .
. and other matters that may be germane to the evaluation of whether there is a
basis for legal action concerning this matter, and if so, the identities of
potential parties and witnesses.@    

Generally,
a proceeding to conduct pre-suit discovery from a party against whom a lawsuit
is contemplated is considered ancillary to the contemplated suit; it is Ain aid of@ and incident to the anticipated
litigation.  Office Employees Int=l Union Local 277 v. Southwestern
Drug Corp., 391
S.W.2d 404, 406 (Tex. 1965); IFS Sec. Group, Inc. v. Am. Equity Ins. Co.,
175 S.W.3d 560, 562 (Tex. App.CDallas 2005, no pet.).  Therefore, in this case, because the Rule
202 proceeding is in aid of a contemplated health care claim, the TMLA should
be considered in determining the petitioner=s ability to obtain the requested
discovery.  Further, when the rule conflicts with the legislation, the statute
expressly controls.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.002(a).  Thus, where pre-suit
oral depositions of health care defendants are not allowed under section
74.351, the depositions should not be permitted under Rule 202.  To conclude
otherwise would allow a Rule 202 petitioner to avoid the carefully crafted
report requirements and discovery stay set out in section 74.351, subverting
the legislature=s stated intent in passing the statute.  See, e.g., In
re Raja, 2006 WL 2075230, at *3.   








In re
Raja, decided by the
Eastland Appeals Court, is instructive.  Under circumstances similar to those
here, the court in Raja relied on the factual findings made by the
legislature when passing chapter 74, and concluded that section 74.351
precludes pre-suit depositions of doctors.  See id. at *3B4.  The court stated that limiting
almost all discovery pending production of an expert report serves the stated
purposes of the legislation, and allowing a Rule 202 petitioner to avoid the
discovery stay in section 74.351(s) Areads an exception into the act which
was not included by the legislature.@  Id. at *4; but see In re
Allan, 191 S.W.3d at 488 (concluding the legislative history of chapter 74
indicated that Rule

 202 pre-suit depositions
were permissible under the TMLA).[6]  We agree
with the Raja court=s reasoning.        

We also
agree with the Raja court=s statement that this conclusion does
not mean a Rule 202 petition is a Ahealth care liability claim,@ thereby triggering the 120-day
period in section 74.351(a),  nor is a pre-suit Rule 202 petitioner a health
care liability Aclaimant,@ as Guzman=s argument implies.  As discussed above, the pre-suit oral
depositions are sought in anticipation of a health care liability claim and, in
light of the legislature=s purposes in enacting chapter 74 and the express language of
section 74.002(a), a Rule 202 petition to conduct pre-report oral depositions
of health care professionals should be considered under the strictures of
chapter 74.  See In re Raja, 2006 WL 2075230, at *3.








Similarly,
we reject the argument that the depositions are expressly permitted because the
proposed deponents are nonparties.  Section 74.351(s)(3) excepts from the
pre-report stay discovery sought from nonparties under Rule 205.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351(s).  Rule 205.1 provides, in
part, that a party may compel discovery from a nonparty, defined as Aa person who is not a party or
subject to a party=s control,@ by obtaining a court order or by serving a subpoena.  Tex.
R. Civ. P. 205.1.  Guzman reasons that the proposed deponents are, at this
point, merely Apersons interested@ in the matter, but they are not Aparties@; therefore, as nonparties, the
pre-suit oral depositions are permitted under section 74.351(s)(3).  That
argument, however, is similar to the issues addressed above and does not alter
the analysis.  To conclude that Rule 202 pre-suit oral depositions are not
subject to the report requirements and stay provision under section 74.351
because the health care professionals are Anon-parties@ ignores the purpose of the
legislation and its provisions.  See In re Raja, 2006 WL 2075230, at *2B3. 

Finally,
Guzman claims that the Awilful and wanton@ negligence standard that applies to
emergency care under the statute necessitates pre-report oral depositions.[7] 
Guzman asserts that while deviations from the standard of ordinary care may be
gleaned from medical records, wilful and wanton negligence requires depositions. 
In support of her argument, Guzman attached Tristan=s medical records.    

Even
assuming that Guzman=s overly broad statement may be correct, section 74.351 does
not stay other, less costly forms of discovery.  Additionally, once a claim is
filed, chapter 74 requires health care defendants to comply with the discovery
procedures set out in the legislation.  See Tex. Civ. Prac. & Rem.
Code Ann. ' 74.352. 

Conclusion









In
conclusion, section 74.002(a) provides that chapter 74 controls when another
law or rule conflicts with its provisions.  Given the nature of a Rule 202
proceeding, a petitioner under that rule should not be able to conduct
discovery which is not allowed under the TMLA and thereby subvert the purposes
of the legislation.  Because the trial court=s order permits oral depositions to
be conducted contrary to the TMLA, the order is an abuse of discretion.  We
conditionally grant the petitions for writ of mandamus and order the trial
court to vacate its September 25, 2006 order.  The writ will issue only if the
trial court fails to act in accordance with this opinion.  

 

PER
CURIAM

 

 

Opinion filed November 30, 2006.

Panel consists of Chief Justice Hedges and Justices
Hudson and Edelman. 

 









[1]Relators also filed motions seeking emergency relief
to stay the depositions.  This court issued an order on October 16, 2006,
granting the emergency stay.  





[2]See Tex.
Civ. Prac. & Rem. Code Ann. ''
74.001B.507 (Vernon 2005).





[3]That section states that, in the event of a conflict
between chapter 74 and another law, chapter 74 controls.  See Tex. Civ.
Prac. & Rem. Code Ann. ' 74.002(a).





[4]In her response, Guzman also asserts that she has the
right to investigate remedies beyond the scope of chapter 74BBfor example a federal cause of action based on the
Emergency Medical Treatment and Active Labor Act, 42 U.S.C. ' 1395ddBBand
the right to perpetuate testimony in anticipation of a disciplinary action to
the Texas Medical Board.  However, Guzman did not raise this argument in the
trial court nor does her petition reflect that the oral depositions were sought
in pursuit of those remedies.





[5]Subsection (a) of 74.351 provides, in part, as
follows: 

In a
health care liability claim, a claimant shall, not later than the 120th day after
the date the original petition was filed, serve on each party or the party=s attorney one or more expert reports, with a
curriculum vitae of each expert listed in the report for each physician or
health care provider against whom a liability claim is asserted.  

Id. ' 74.351(a).  





[6]In Raja, the court acknowledged its decision
was contrary to that reached by the Tyler appellate court in In re Allan. 
In re Raja, 2006 WL 2075230, at *2B3.
In Allan, the trial court denied a Rule 202 petition for depositions,
concluding Rule 202 conflicted with section 74.351(s) and, under 74.002(a),
section 74.351 controlled.  191 S.W.3d at 484. The Tyler appeals court examined
section 74.351(s) to determine if Ahealth
care liability claim@ under chapter 74 included Apotential@
health care liability claims.  Id. at 486.  Noting that under the common
law, a Acause of action@BBas
a claim is defined under chapter 74BBincludes
the essential facts known, but a potential claim does not, the Allan court
concluded a Apotential@ cause
of action is not a cause of action.  Id. at 487.  However, in Raja,
after observing that the Allan court Acomprehensively
reviewed@ the legislative history of section 74.351, the court
stated that the changes made by committees or various legislators during the
statute=s history could not override the express language
ultimately adopted by the legislature nor its stated findings and purposes.  Id.
at *3. 





[7]Under section 74.153, a health care liability claim
against a physician or health care provider for injury or death arising out of
emergency medical care requires a showing, by a preponderance of the evidence,
that the health care provider departed from accepted standards of medical care
or health care Awith wilful and wanton negligence.@  Tex. Civ. Prac. & Rem. Code Ann. ' 74.153.