Opinion issued October 11, 2007







 




In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00455-CV






UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON,
Appellant


V.


FRANK GUTIERREZ, INDIVIDUALLY AND AS REPRESENTATIVE OF
THE ESTATE OF THERESA GUTIERREZ, DECEASED, AND AS NEXT
FRIEND OF MICHELLE GUTIERREZ, A MINOR, AMANDA
GUTIERREZ, FRANK GUTIERREZ JR., and PATRICIA RAMIREZ, 
Appellees






On Appeal from the 11th District Court

Harris County, Texas

Trial Court Cause No. 2005-73415






O P I N I O N 

 The Court's opinion and judgment in the above-referenced appeal issued on
October 4, 2007. After due consideration, and within its plenary power, the Court sua
sponte withdraws its October 4, 2007 opinion and judgment and issues today's
opinion and judgment in their stead. See Tex. R. App. P. 19.1 (setting plenary
power of courts of appeals).

 This is an interlocutory appeal from the denial of appellant's, University of
Texas Health Science Center at Houston ("UTHSCH"), motion to dismiss health-care-liability claims brought against it by appellees, Frank Gutierrez, individually and
as representative of the estate of Theresa Gutierrez, deceased, and as next friend of
Michelle Gutierrez, a minor, Amanda Gutierrez, Frank Gutierrez Jr., and Patricia
Ramirez. UTHSCH filed its motion seeking dismissal of appellees' claims on the
basis that appellees had failed to serve it with an expert report as required by section
74.351(a) of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(a) (Vernon Supp. 2006) (regarding medical-liability
claims). We conclude that section 74.351(b) mandates dismissal of this case based
on appellees' failure to serve properly UTHSCH with an expert report. See id.
74.351(b).

Background


 Appellees brought suit in November of 2005 against multiple medical
personnel and Memorial Hermann Hospital, alleging negligent health care and
treatment of Theresa Gutierrez resulting in her death after she had sustained injuries
in an automobile accident. Within 120 days of filing suit, appellees served upon Dr.
Christiane Vogt-Harenkamp, a named defendant and employee of UTHSCH, the
required expert report. See id. § 74.351(a). UTHSCH was not a party to the suit at
that time. The contents of the report are unknown and, apparently, its sufficiency is
uncontested. On August 10, 2006, appellees non-suited Vogt-Harenkamp and the
other named defendants and substituted UTHSCH as the sole defendant in their
medical-negligence claim. See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f)
(Vernon 2005). Although UTHSCH received a courtesy copy of the expert report
from Vogt-Harenkamp's counsel prior to being named a party, it is undisputed that
appellees never served UTHSCH with the report.

 In March of 2007, UTHSCH filed a motion to dismiss the case based on
appellees' failure to serve it with an expert report as required by section 74.351(a). 
UTHSCH voluntarily withdrew that motion but, in May, filed an amended motion to
dismiss on the same grounds. After a hearing, the trial court denied the motion to
dismiss. 

 UTHSCH brings one issue on appeal: does appellees' failure to serve UTHSCH
timely with an expert report result in dismissal of appellees' cause of action? 

Statement of Jurisdiction

 Jurisdiction is proper in this Court pursuant to section 51.014(a)(9) of the
Texas Civil Practice and Remedies Code. Id. § 51.014(a)(9) (Vernon Supp. 2006). 
Section 51.014(a)(9) permits the appeal of an interlocutory order from a district court
order that "denies all or part of the relief sought by a motion under Section 74.351(b)
. . . ." Id.

Standard of Review

 We generally review rulings on a motion to dismiss under section 74.351(b)
for abuse of discretion. Intracare Hosp. N. v. Campbell, 222 S.W.3d 790, 794 (Tex.
App.--Houston [1st Dist.] 2007, no pet.) (citing Estate of Regis ex rel.
McWashington v. Harris County Hosp. Dist., 208 S.W.3d 64, 67 (Tex.
App.--Houston [14th Dist.] 2006, no pet.)). The ruling under review in this case
concerns a purely legal issue: was UTHSCH served in accordance with section
74.351(a)? We review questions of law de novo. See id. at 794-95 (citing Brown v.
Villegas, 202 S.W.3d 803, 805 (Tex. App.--San Antonio 2006, no pet.)). (1)
 

Governing Law


 The current version of section 74.351(a) applies to those causes of action that
accrued after September 1, 2005. Because appellees' cause of action accrued prior
to September 1, 2005, the former version applies. See Act of June 2, 2003, 78th Leg.,
R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875, amended by Act of May 18,
2005, 79th Leg., R.S., ch. 635, §§ 1-3, 2005 Tex. Gen. Laws 1590. The distinction
in the current version is that the time now runs from the date that the original petition
was filed, rather than from the filing of a health-care-liability claim. Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(a). Both versions require that the reports be "served"
on "each" defendant. Although our analysis is not affected by which version we
apply, we cite to that version applicable to appellees' cause of action. 

 At the time that appellees' cause of action accrued, section 74.351 provided,
in pertinent part:

 (a) In a health care liability claim, a claimant shall, not later than
the 120th day after the date the claim was filed, serve on each
party or the party's attorney one or more expert reports, with a
curriculum vitae of each expert listed in the report for each
physician or health care provider against whom a liability claim
is asserted. The date for serving the report may be extended by
written agreement of the affected parties. Each defendant
physician or health care provider whose conduct is implicated in
a report must file and serve any objection to the sufficiency of the
report not later than the 21st day after the date it was served,
failing which all objections are waived.

 

 (b) If, as to a defendant physician or health care provider, an
expert report has not been served within the period specified by
subsection (a), the court, on the motion of the affected physician
or health care provider, shall, subject to Subsection (c), enter an
order that: 


 (1) awards to the affected physician or health care provider
reasonable attorney's fees and costs of court incurred by
the physician or health care provider; and 

 

 (2) dismisses the claim with respect to the physician or
health care provider, with prejudice to the refiling of the
claim.

 


Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen Laws 847, 875,
amended by Act of May 18, 2005, 79th Leg., R.S., ch. 635, §§ 1-3, 2005 Tex. Gen.
Laws 1590. 

Construction of Section 74.351


 Section 74.351 does not define the term "serve." We look to the Code
Construction Act for guidance. Herrera v. Seton Nw. Hosp., 212 S.W.3d 452, 459
(Tex. App.--Austin 2006, no pet.). The Code Construction Act states that "'words
and phrases that have acquired a technical or particular meaning, whether by
legislative definition or otherwise, shall be construed accordingly.'" Id. (quoting
Tex. Gov't Code Ann. § 311.011(b) (Vernon 2005)). "Serve" and "served" have
distinct and familiar legal meanings. Id. (citing Tex. R. Civ. P. 21a). Given the
applicability of the Rules of Civil Procedure to health care liability claims, and the
use of "serve" and "served" in the statute, we determine that the Legislature intended
for claimants to comply with rule 21a to fulfill the requirements of section 74.351(a). 
Id.; Kendrick v. Garcia, 171 S.W.3d 698, 703-04 (Tex. App.--Eastland 2005, pet.
denied). This construction is supported by a legislative change that replaced the word
"furnish" with "serve." See Herrera, 212 S.W.3d at 459.

 Prior to the enactment of Chapter 74, medical-liability claims were governed
by article 4590i of the Texas Revised Civil Statutes, which required a
health-care-liability claimant to furnish an expert report within 180 days after the
claim was filed. Tex. Rev. Civ. Stat. Ann. art. 4590i,§ 13.01(d), repealed by Act
of 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 884. When the 

legislature repealed article 4590i in 2003 and enacted Chapter 74, it replaced the
word "furnish" with the term "serve." We presume that the Legislature enacted the
statutory change with knowledge of existing law. See Herrera, 212 S.W.3d at 459
(citing Acker v. Tex. Water Comm'n, 790 S.W.2d 299, 301 (Tex. 1990) ("A statute is
presumed to have been enacted by the legislature with complete knowledge of the
existing law and with reference to it.")). Therefore, we may also presume its
awareness of the meaning attached to the word "serve." Id.

 Rule 21a authorizes four methods for service upon a party: (1) delivery in
person, by agent, or by courier-receipted delivery; (2) certified or registered mail; 
(3) telephonic document transfer; or (4) such other manner as the court in its
discretion may direct. Tex. R. Civ. P. 21a. The party or attorney of record must
certify to the court compliance with this rule in writing over signature and on the filed
instrument. Id. 

 Appellees did not use any of the methods authorized by rule 21a to serve the
expert report on UTHSCH before the expiration of the statutory deadline. Appellees
argue that service does not have to comply with rule 21a, but, rather, that failure to
comply with rule 21a is "fatal to proving compliance with the statutory deadline." 
Appellees urge that proof of compliance is unnecessary here because UTHSCH
admitted receiving the expert report. On the contrary, as the court in Herrera states:

 a party who sends documents to another by [a process] . . . which is not
authorized by rule 21a does not comply with the 120-day service
requirement in section 74.351. 


Herrera, 212 S.W.3d at 459 (internal citations omitted) (emphasis added). Here,
appellees did not send the report at all. If we accept appellees' argument that actual
receipt (from any source) of expert reports prior to suit's being filed, regardless of the
manner in which those reports were furnished, meets the requirements of section
74.351, then we must completely disregard legislative intent as evidenced by the
replacement of the word "furnish" with the word "serve."

 The Legislature has directed that "[i]n interpreting a statute, a court shall
diligently attempt to ascertain legislative intent and shall consider at all times the old
law, the evil, and the remedy." Tex. Gov't Code Ann. § 312.005 (Vernon 2005). 
Statutes must be construed as written, and legislative intent determined, if possible,
from their express terms. Simonson v. Keppard, 225 S.W.3d 868, 879 (Tex.
App.--Dallas 2007, no pet.) (citing Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493
(Tex. 2001)). Chapter 74, in its entirety, rather than provisions in isolation, must be
considered, and meaning given to each provision consistent with all others. Id. 

 Courts presume that the entire statute is to be effective and a just and
reasonable result is intended. Id. Even if a statute is unambiguous, courts may
consider the statute's objective; circumstances of its enactment; its legislative history;
common law; former statutes; laws on the same or similar subjects; consequences of
a particular construction; administrative construction; and title, preamble, and
emergency provisions. Id. at 880. All words used and omitted are presumed used and
omitted purposefully. Id. (citing Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535,
540 (Tex. 1981)).
 When the Legislature adopted Chapter 74, it made several factual findings. See
Tex. Civ. Prac. & Rem. Code Ann. § 74.001 historical note (Vernon 2005) [Act of
June 2, 2003, 78th Leg., R.S., ch. 204, § 10.11, 2003 Tex. Gen. Laws 847, 884]. 
These included findings that the number of health-care-liability claims had increased
inordinately since 1995, that a medical malpractice crisis existed in Texas, and that
this crisis had caused a material adverse effect on the delivery of medical and health
care in Texas. Id. The Legislature indicated that the purpose of Chapter 74 included
reducing the excessive frequency, severity, and costs of health-care-liability claims. 
Id.; see also In re Raja, 216 S.W.3d 404, 406 (Tex. App.--Eastland 2006, pet. filed)
. 
Given the express legislative intent of Chapter 74 and the intentional legislative act
of replacing the word "furnish" with "serve" in section 74.351(a), we determine that
proper service under rule 21a must occur to effectuate the intent of Chapter 74 as a
whole, and section 74.351(a) specifically.

Service on UTHSCH


 To the extent that appellees make the argument that service on Dr. Vogt-Harenkamp constituted timely service on UTHSCH, we construe it as limited to the
question of whether application of Texas Civil Practice and Remedies Code section
101.106(f) mandates a determination that service on the employee is sufficient service
on UTHSCH because it required appellees to dismiss their claims against the
employee and to name UTHSCH as the defendant in the employee's stead. Section
101.106 provides:

 If a suit is filed against an employee of a governmental unit based on
conduct within the general scope of that employee's employment and if
it could have been brought under this chapter against the governmental
unit, the suit is considered to be against the employee in the employee's
official capacity only. On the employee's motion, the suit against the
employee shall be dismissed unless the plaintiff files amended pleadings
dismissing the employee and naming the governmental unit as defendant
on or before the 30th day after the date the motion is filed.


Tex. Civ. Prac. & Rem. Code § 101.106(f) (Vernon 2005). Appellees cite no
authority, and we are aware of none, to support the assertion that, because appellees
are prohibited from suing both the employee and UTHSCH, they could not be
required to serve both. Appellees suggest that, because UTHSCH is limited to
vicarious liability for the actions of its employee, there is only one "claim" and,
therefore, only one act of service of the expert report was required. We disagree.

 Chapter 74 defines "health care provider" as including both a "health care
institution" and an "employee" of such an institution acting in the course and scope
of his or her employment. Id. § 74.001(12)(A)(vii), (B)(ii) (Vernon 2005). Under
both chapter 74 and section 101.106, the employee and the health-care provider are
treated as separate defendants. A party must name a new defendant, i.e., the
governmental unit (here, UTHSCH), if it seeks to continue its claim once the
employee files a motion to dismiss. If the employee and the governmental unit were
the same defendant, the requirement that a party name the governmental unit as a
defendant would be superfluous. UTHSCH and Dr. Vogt-Harenkamp are separate
parties, appellees' claims against each are separate, and appellees' service upon Dr.
Vogt-Harenkamp thus did not satisfy service upon UTHSCH. See id. at 617-18. 

 A health- care-liability claim is a theory of a health-care provider's liability. 
Puls v. Columbia Hosp. at Med. City Dallas Subsidiary, L.P., 92 S.W.3d 613, 617
(Tex. App.--Dallas 2002, pet. denied). We disagree with appellees' statement that
"there is only one health care claim" and only one 120-day time period during which
they could have served the expert reports. On the contrary, the applicable time period
began with regard to UTHSCH when appellees first filed claims against UTHSCH. 
Nothing precludes a plaintiff from bringing additional claims within the limitations
period and then furnishing an expert report within the deadline as to the additional
claims. Id. at. 618 (citing Marquez v. Providence Mem'l Hosp., 57 S.W.3d 585, 588
(Tex. App.--El Paso 2001, pet. denied) (describing amendments to petition alleging
medical malpractice causes of action and deadline for expert report as to new
defendants)).

Conclusion


 Evidence that appellees served a separate defendant in compliance with section
74.351 is insufficient to comply with the service requirements as to UTHSCH. 
Further, evidence that UTHSCH was furnished a copy of an expert report by someone
other than appellees prior to UTHSCH's becoming a party to the lawsuit does not
establish appellees' compliance with section 74.351(a). Because appellees failed to
serve a copy of the expert report upon UTHSCH as mandated by section 74.351(a),
the trial court was required to dismiss their claims with prejudice under section
74.351(b). Accordingly, we reverse the order denying UTHSCH's motion to dismiss
and remand the cause for further proceedings consistent with this opinion. 

 


 Tim Taft

 Justice

 

Panel consists of Justices Taft, Hanks, and Higley.

 
1. But see Estate of Regis ex rel. McWashington v. Harris County Hosp. Dist.,
208 S.W.3d 64, 67 (Tex. App.--Houston [14th Dist.] 2006, no pet.)
(describing standard of review of section 74.351(a) ruling as abuse of
discretion, although appeal involved issue of statutory interpretation); Mokkala
v. Mead, 178 S.W.3d 66, 70 (Tex. App.--Houston [14th Dist.] 2005, pet.
granted) (same). Nonetheless, a trial court has no discretion in determining
what the law is, which law governs, or how to apply the law. See Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992). Accordingly, the standard of
review of this particular ruling is the same, regardless of whether it is described
as abuse of discretion or de novo. Intracare Hosp. N. v. Campbell, 222 S.W.3d
790, 795 (Tex. App.--Houston [1st Dist.] 2007, no pet.).