Teressa **DILL**, Individually and on Behalf of the Estate of Her Deceased Husband–David Dill, and as Parent and Next Friend of Minors, Kaylee Dill, David Dill, Jr., Sarah Dill and Jennifer Dill, Appellants,

v.

Lisa S. **FOWLER**, M.D. and David E. Wiley, M.D., Appellees.

No. 11–07–00227–CV.

Court of Appeals of Texas, Eastland.

April 10, 2008.

Scott M. Tidwell, Tidwell & Tidwell, L.L.P., Odessa, for appellants.

Brent R. Walker, Vernon L. Krueger, Stewart & Stimmel, L.L.P., Elizabeth Fraley, Jennifer L. Barnes, Fraley & Fraley, L.L.P., Dallas, for appellees.

Panel consists of WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

This is a medical malpractice case which requires that we determine whether the lowered standard of care in TEX. CIV. PRAC. & REM.CODE ANN. § 74.153 (Vernon 2005) violates TEX. CONST. art. I, § 3. Because the statute has a rational basis, we find that it is constitutional and affirm the trial court's summary judgments in favor of the appellees.

### I. *Background Facts*

The decedent, David Dill, was taken to Brownwood Regional Medical Center's emergency room. David was complaining of stomach pain and had low blood pressure. Diagnostic testing revealed that he was suffering from internal bleeding. David was taken to surgery, and it was determined that he had a ruptured splenic artery aneurysm. David died shortly after surgery.

David's widow, Teressa Dill, filed suit on behalf of herself, David's estate, and their

four children against several defendants, including Dr. Lisa S. Fowler and Dr. David E. Wiley. Dr. Fowler and Dr. Wiley filed no-evidence motions for summary judgment and argued that, because David was in a medical emergency when he arrived at the hospital, Section 74.153[1] applied and that Teressa was required to produce evidence that they were wilfully and wantonly negligent. They contended that they were entitled to summary judgment because Teressa had no evidence of wilful and wanton negligence.

Teressa conceded that Section 74.153 applied and that she did not have evidence of wilful and wanton negligence but contended that Section 74.153 was unconstitutional because it violated the Texas Constitution's equal protection provision.[2] The trial court granted the doctors' motions for summary judgment and dismissed all claims against them.

## II. *Standard of Review*

■ When evaluating a claim that a statute violates the constitution's equal protection clause, we first determine whether the statute limits a fundamental, constitutionally secured right or implicates a suspect class. If so, it is subject to strict scrutiny. *See Spring Branch I.S.D. v. Stamos*, 695 S.W.2d 556, 559 (Tex.1985). Teressa concedes that neither situation is present. Consequently, the rational-basis test applies. *See Mauldin v. Texas State Bd. of Plumbing Exam'rs*, 94 S.W.3d 867, 873 (Tex.App.-Austin 2002, no pet.). Under this test, statutory classifications must treat similarly situated individuals equally unless there is a rational basis for not doing so. *Whitworth v. Bynum*, 699 S.W.2d 194, 197 (Tex.1985). We must uphold the law "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Fed. Commc'ns Comm'n v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313–14, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993).

## III. *Analysis*

■ The parties analyze Section 74.153's constitutionality by assuming that it classifies physicians. It may be more accurate to say that it classifies medical malpractice claimants. In either event, the statute imposes a lower standard of care when a physician provides emergency care in certain settings. *See Jackson v. Axelrad*, 221 S.W.3d 650, 655 (Tex.2007). The dispositive question is whether a rational basis exists for imposing a lower standard of care when a patient is receiving emergency care versus non-emergency care.

Section 74.153 was adopted in 2003[3] and was part of the tort-reform legislation

---

**1.** This statute provides:

> In a suit involving a health care liability claim against a physician or health care provider for injury to or death of a patient arising out of the provision of emergency medical care in a hospital emergency department or obstetrical unit or in a surgical suite immediately following the evaluation or treatment of a patient in a hospital emergency department, the claimant bringing the suit may prove that the treatment or lack of treatment by the physician or health care provider departed from accepted standards of medical care or health care only if the claimant shows by a preponderance of the evidence that the physician or health care provider, with wilful and wanton negligence, deviated from the degree of care and skill that is reasonably expected of an ordinarily prudent physician or health care provider in the same or similar circumstances.

**2.** Article I, § 3 reads:

> All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public service.

**3.** Acts 2003, 78th Leg., ch. 204, effective September 1, 2003.

commonly referred to as House Bill 4. *See* Michael S. Hull et al., *House Bill 4 and Proposition 12: An Analysis with Legislative History, Part One*, 36 TEXAS TECH. L.REV. 1 (2005). Medical malpractice premiums had begun to rise dramatically in 2000 and 2002, exacerbating a crisis of health-care access in Texas. *Id.* at 10. Some physicians responded by avoiding high risk specialties or particular patients. *Id.* at 14. Hospitals experienced problems obtaining adequate physician on-call coverage for emergency departments. *Id.* at 3. House Bill 4 supporters complained that emergency room physicians were required to treat anyone who walked in, but faced the possibility of having their actions compared to those of a physician in an office, and that emergency care was often provided without medical history and under extreme time pressure. HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. H.B. 4, 78th Leg., R.S. (2003). The Texas Legislature found that a medical malpractice crisis existed and that it had caused a material adverse effect on the delivery of health care in Texas. *See In re Raja*, 216 S.W.3d 404, 406 (Tex.App.-Eastland 2006, orig. proceeding [mand. denied] ).

Dr. Fowler and Dr. Wiley argue that the state has a legitimate interest in ensuring the availability of emergency medical care to its citizens. Because the medical malpractice crisis was interfering with the overall delivery of health-care services and because there were additional issues unique to emergency medical services, the legislature could appropriately address these concerns by lowering the standard of care for emergency medical services. Teressa responds that physicians' concerns of unfair liability for providing emergency services is best addressed through jury instructions limiting any comparison of the defendant's conduct to a physician in the same or similar circumstance.

Determining whether a medical malpractice crisis exists and, if so, the best method for addressing it, are ultimately legislative concerns. There is admittedly no perfect solution. The legislature's decision to lower the standard of care shifts some of the risk from the provider to the patient. In individual cases, that could arguably lead to inequitable results. However, "[t]he problems of government are practical ones and may justify, if they do not require, rough accommodations." *Heller v. Doe*, 509 U.S. 312, 321, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). The legislature could rationally decide that Section 74.153 would help protect physicians from rising malpractice premiums and would make it easier for hospitals to recruit on-call physicians. The legislature could also rationally determine that the advantage of increased availability of emergency care statewide would offset its detrimental impact in individual cases. Because Section 74.153 is rationally related to a legitimate governmental purpose, it is constitutional. Teressa's issue is overruled.

## IV. *Holding*

The judgment of the trial court is affirmed.