Opinion filed April 10, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed April 10,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00227-CV 

                                                     _________

 

              TERESSA DILL, INDIVIDUALY AND ON BEHALF OF THE 

           ESTATE OF HER
DECEASED HUSBAND - DAVID DILL, AND AS     

          PARENT AND NEXT
FRIEND OF MINORS, KAYLEE DILL, DAVID                  

               DILL, JR.,
SARAH DILL AND JENNIFER DILL, Appellants

 

                                                             V.

 

                                       LISA
S. FOWLER, M.D. AND

                                   DAVID
E. WILEY, M.D., Appellees

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                               Trial
Court Cause No. CV0507318

 



 

                                                                   O
P I N I O N

 

This
is a medical malpractice case which requires that we determine whether the
lowered standard of care in Tex. Civ.
Prac. & Rem. Code Ann. '
74.153 (Vernon 2005) violates Tex.
Const. art. I, '
3.  Because the statute has a rational basis, we find that it is constitutional
and affirm the trial court=s
summary judgments in favor of the appellees.








                                                  I.
Background Facts

The
decedent, David Dill, was taken to Brownwood Regional Medical Center=s emergency room.  David
was complaining of stomach pain and had low blood pressure.  Diagnostic testing
revealed that he was suffering from internal bleeding.  David was taken to
surgery, and it was determined that he had a ruptured splenic artery aneurysm. 
David died shortly after surgery.

David=s widow, Teressa Dill,
filed suit on behalf of herself, David=s
estate, and their four children against several defendants, including Dr. Lisa
S. Fowler and Dr. David E. Wiley.  Dr. Fowler and Dr. Wiley filed
no-evidence motions for summary judgment and argued that, because David was in
a medical emergency when he arrived at the hospital, Section 74.153[1]
applied and that Teressa was required to produce evidence that they were
wilfully and wantonly negligent.  They contended that they were entitled to
summary judgment because Teressa had no evidence of wilful and wanton
negligence.

Teressa
conceded that Section 74.153 applied and that she did not have evidence of wilful
and wanton negligence but contended that Section 74.153 was unconstitutional
because it violated the Texas Constitution=s
equal protection provision.[2]  The trial
court granted the doctors=
motions for summary judgment and dismissed all claims against them.

                                                            II. 
Standard of Review








When
evaluating a claim that a statute violates the constitution=s equal protection clause,
we first determine whether the statute limits a fundamental, constitutionally
secured right or implicates a suspect class.  If so, it is subject to strict
scrutiny.  See Spring Branch I.S.D. v. Stamos, 695 S.W.2d 556, 559 (Tex.
1985).  Teressa concedes that neither situation is present.  Consequently, the
rational-basis test applies.  See Mauldin v. Texas State Bd. of Plumbing
Exam=rs, 94
S.W.3d 867, 873 (Tex. App.CAustin
2002, no pet.).  Under this test, statutory classifications must treat
similarly situated individuals equally unless there is a rational basis for not
doing so.  Whitworth v. Bynum, 699 S.W.2d 194, 197 (Tex. 1985).  We must
uphold the law Aif
there is any reasonably conceivable state of facts that could provide a
rational basis for the classification.@ 
Fed. Commc=ns
Comm=n v. Beach
Commc=ns, Inc.,
508 U.S. 307, 313-14 (1993).

                                                         III.
Analysis

The
parties analyze Section 74.153=s
constitutionality by assuming that it classifies physicians.  It may be more
accurate to say that it classifies medical malpractice claimants.  In either
event, the statute imposes a lower standard of care when a physician provides
emergency care in certain settings.  See Jackson v. Axelrad, 221 S.W.3d
650, 655 (Tex. 2007).  The dispositive question is whether a rational basis
exists for imposing a lower standard of care when a patient is receiving
emergency care versus non-emergency care.

Section
74.153 was adopted in 2003[3] and was part
of the tort-reform legislation commonly referred to as House Bill 4.  See
Michael S. Hull et al., House Bill 4 and Proposition 12: An Analysis with
Legislative History, Part One, 36 Texas
Tech. L. Rev. 1 (2005).  Medical malpractice premiums had begun to rise
dramatically in 2000 and 2002, exacerbating a crisis of health-care access in
Texas.  Id. at 10.  Some physicians responded by avoiding high risk
specialties or particular patients.  Id. at 14.  Hospitals experienced
problems obtaining adequate physician on-call coverage for emergency
departments.  Id. at 3.  House Bill 4 supporters complained that
emergency room physicians were required to treat anyone who walked in, but
faced the possibility of having their actions compared to those of a physician
in an office, and that emergency care was often provided without medical
history and under extreme time pressure.  House
Research Org., Bill Analysis, Tex. H.B. 4, 78th Leg., R.S. (2003).  The
Texas Legislature found that a medical malpractice crisis existed and that it
had caused a material adverse effect on the delivery of health care in Texas.  See
In re Raja, 216 S.W.3d 404, 406 (Tex. App.CEastland
2006, orig. proceeding [mand. denied]).








Dr.
Fowler and Dr. Wiley argue that the state has a legitimate interest in ensuring
the availability of emergency medical care to its citizens.  Because the
medical malpractice crisis was interfering with the overall delivery of
health-care services and because there were additional issues unique to
emergency medical services, the legislature could appropriately address these
concerns by lowering the standard of care for emergency medical services.
Teressa responds that physicians=
concerns of unfair liability for providing emergency services is best addressed
through jury instructions limiting any comparison of the defendant=s conduct to a physician in
the same or similar circumstance.

Determining
whether a medical malpractice crisis exists and, if so, the best method for
addressing it, are ultimately legislative concerns.  There is admittedly no
perfect solution.  The legislature=s
decision to lower the standard of care shifts some of the risk from the
provider to the patient.  In individual cases, that could arguably lead to
inequitable results.  However, A[t]he
problems of government are practical ones and may justify, if they do not
require, rough accommodations.@ 
Heller v. Doe, 509 U.S. 312, 321 (1993).  The legislature could
rationally decide that Section 74.153 would help protect physicians from rising
malpractice premiums and would make it easier for hospitals to recruit on-call
physicians.  The legislature could also rationally determine that the advantage
of increased availability of emergency care statewide would offset its
detrimental impact in individual cases.  Because Section 74.153 is rationally
related to a legitimate governmental purpose, it is constitutional.  Teressa=s issue is overruled.

                                                                     IV.
Holding

            The
judgment of the trial court is affirmed.

                                                                              

 

RICK STRANGE

JUSTICE

 

April 10, 2008

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









     [1]This statute
provides:

 

In a suit involving a health care liability claim against a physician or
health care provider for injury to or death of a patient arising out of the provision
of emergency medical care in a hospital emergency department or obstetrical
unit or in a surgical suite immediately following the evaluation or treatment
of a patient in a hospital emergency department, the claimant bringing the suit
may prove that the treatment or lack of treatment by the physician or health
care provider departed from accepted standards of medical care or health care
only if the claimant shows by a preponderance of the evidence that the
physician or health care provider, with wilful and wanton negligence, deviated
from the degree of care and skill that is reasonably expected of an ordinarily
prudent physician or health care provider in the same or similar circumstances.






     [2]Article I, ' 3 reads:

 

All free men, when they form a social compact, have equal rights, and no
man, or set of men, is entitled to exclusive separate public emoluments, or
privileges, but in consideration of public service.





     [3]Acts 2003, 78th Leg.,
ch. 204, effective September 1, 2003.