The ESTATE OF Marian REGIS, Deceased, by Administratrix Valerie McWASHINGTON, Appellant,

v.

HARRIS COUNTY HOSPITAL DISTRICT d/b/a Lyndon Baines Johnson General Hospital, Appellee.

No. 14–05–00832–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 10, 2006.

Daniel Hrna, Houston, for appellant.

John Arlen Pruitt, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices YATES and SEYMORE.

**OPINION**

LESLIE BROCK YATES, Justice.

Appellant, the Estate of Marian Tapscott Regis, deceased, by administratrix Valerie McWashington ("Regis"), appeals the trial court's dismissal of her health care liability lawsuit against the Harris County Hospital District ("HCHD") for failure to submit an expert report within 120 days of filing her original petition. We affirm.

Regis sued HCHD for providing her with negligent medical care after she suffered a stroke in 2002. Regis notified HCHD of her intent to file a health care liability claim on October 14, 2004 and filed her petition on December 30, 2004.[1] Regis did not serve HCHD with an expert report within 120 days of filing her petition. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon 2005). On June 27, 2005, HCHD filed a motion to dismiss Regis's claim with prejudice for failure to provide an expert report. *See id.* § 74.351(b). In response, Regis filed a motion to extend the 120–day deadline and served an expert report on June 29, 2005, 181 days after the petition was filed. The trial court granted HCHD's motion to dismiss, and this appeal followed.

In five issues, Regis claims the trial court erred in dismissing her case. First, she contends the expert report could not be completed within 120 days because HCHD delayed providing her with the medical records necessary to file the report. Thus, she argues she is entitled to an equitable extension of time to submit the report. Second, she claims section 74.351 is ambiguous as to the date on which the 120–day period begins. Third, she asserts the deadline should be extended by operation of Civil Practice and Remedies Code section 74.051(c), which tolls the statute of limitations for 75 days after a plaintiff provides a defendant with prop-

---

1. Regis filed suit on December 30, 2004 under the version of section 74.351 of the Civil Practice and Remedies Code that was effective for claims filed on or after September 1, 2003. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.01, 10.09, 23.02(a), (d), 2003 Tex. Gen. Laws 847, 864, 875, 884, 898–99 (available at TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon 2005)), *amended by* Act of May 18, 2005, 79th Leg., ch. 635, § 1, 2005 Tex. Gen. Laws 1590, 1590 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 74.351 (Vernon Supp.2006)). The Texas Legislature amended section 74.351 in 2005, but the 2005 changes apply "only to a cause of action that accrues on or after the effective date of this Act. An action that accrued before the effective date of this Act is governed by the law applicable to the action immediately before the effective date of this Act, and that law is continued in effect for that purpose." Act of May 18, 2005, 79th Leg., ch. 635, § 2, 2005 Tex. Gen. Laws 1590, 1590. Because the 2003 version of section 75.351 applies to this case, all references to section 75.351 herein are to the 2003 version.

er notice of a health care liability claim. *See id.* § 74.051(c) (Vernon 2005). Fourth, she contends the case should have been abated, and the 120–day period tolled, under Civil Practice and Remedies Code section 74.052(a), which mandates abatement of all proceedings against a defendant if a plaintiff fails to provide a proper authorization for release of medical records. *See id.* § 74.052(a) (Vernon 2005). In her final issue, Regis asserts that her expert was qualified to provide an opinion.

We review a trial court's decision on a motion to dismiss under section 74.351 for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 875 (Tex.2001); *Mokkala v. Mead,* 178 S.W.3d 66, 70 (Tex.App.-Houston [14th Dist.] 2005, pet. filed). A trial court abuses its discretion if it acts in an unreasonable and arbitrary manner or without reference to any guiding principles. *Walker v. Gutierrez,* 111 S.W.3d 56, 62 (Tex.2003).

 According to section 74.351, if a plaintiff fails to serve an expert report and accompanying curriculum vitae within 120 days of filing the claim,[2] "the court, on the motion of the [defendant], *shall,* subject to Subsection (c), enter an order that ... dismisses the claim with respect to the [defendant], with prejudice to the refiling of the claim." TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b)(2) (emphasis added). Former article 4590i provided for a 30–day extension and grace period for timely filing expert reports, but the legislature removed those provisions when enacting chapter 74 of the Civil Practice and Remedies Code. *See Manor Care Health Servs.,*

*Inc. v. Ragan,* 187 S.W.3d 556, 560 n. 5 (Tex.App.-Houston [14th Dist.] 2006, pet. filed); *Mokkala,* 178 S.W.3d at 75–76. An extension of the expert report deadline is available only by agreement of the parties. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a); *Manor,* 187 S.W.3d at 560 n. 5; *Mokkala,* 178 S.W.3d at 76. Although section 74.351(c) gives a court discretion to grant 30 days to amend a deficient expert report, this section applies only when an initial report is timely filed; it is not available to extend the deadline for first filing a report. *See Valley Baptist Med. Ctr. v. Azua,* 198 S.W.3d 810, 815 (Tex.App.-Corpus Christi 2006, no pet.); *Herrera v. Seton Nw. Hosp.,* No. 03–05–00115–CV, —— S.W.3d ——, 2006 WL 1707983, at *5 (Tex. App.-Austin June 23, 2006, no pet. h.); *Thoyakulathu v. Brennan,* 192 S.W.3d 849, 852–53 (Tex.App.-Texarkana 2006, no pet. h.). If a plaintiff does not timely file an expert report, the trial court has no discretion to do anything other than dismiss the case. *See Valley Baptist,* 198 S.W.3d at 815 ("[A] trial court does not have authority to grant an extension when no report is served within 120 days of filing the claim."); *Herrera,* 2006 WL 1707983, at *1 (noting that plaintiff's failure to file timely report "divested the district court of discretion" to do anything but dismiss); *Thoyakulathu,* 192 S.W.3d at 852 ("Absent an agreement among the parties for an extension of time to serve the reports, the trial court has no discretion but to dismiss the case with prejudice ...."); *Mokkala,* 178 S.W.3d at 76 (stating that when plaintiff failed to file timely expert report, "the trial court was required to enter an order

**2.** As we held in *Mokkala,* this time period is calculated from the date of the filing of the original petition. *See Mokkala,* 178 S.W.3d at 71. In her second issue, Regis asserts that the beginning date of the 120–day period is unclear, but *Mokkala* conclusively resolved

that point. Further, Regis explains neither what the proper date should be nor how any alternative date would render her expert report timely. We overrule Regis's second issue.

dismissing the claims against [defendants] with prejudice").

▇▇▇ In her first issue, Regis claims she is entitled to an equitable extension of time to file her report because she made good faith efforts to obtain the necessary records but HCHD did not provide them for two years after her first request.[3] In repealing article 4590i and enacting Civil Practice and Remedies Code chapter 74, the legislature specifically removed the trial court's ability to grant an extension based on a plaintiff's diligence. *See Soberon v. Robinson*, No. 09–06–067–CV, 2006 WL 1781623, at *2 (Tex.App.-Beaumont June 29, 2006, pet. filed) (mem.op.) (noting trial court now has no discretion to grant extension upon plaintiff's showing of diligent efforts to timely serve report); *see also Emeritus Corp. v. Highsmith*, No. 04–05–00551–CV, 211 S.W.3d 321, 2006 WL 1466542, at *7 (Tex.App.-San Antonio May 31, 2006, no pet. h.) ("If a plaintiff wants an extension of time, it must either enter an explicit agreement with the defendant or assume the risk of serving a deficient report and seeking an extension to cure the deficiency from the trial court."). Absent an agreement of the parties, a trial court has no discretion to grant an extension and must dismiss a case in which a plaintiff fails to file a timely report. *See Valley Baptist*, 198 S.W.3d at 815; *Herrera*, 2006 WL 1707983, at *1; *Thoyakulathu*, 192 S.W.3d at 852; *Mokkala*, 178 S.W.3d at 76. This change has led to seemingly harsh consequences. *See Herrera*, 2006 WL 1707983, at *1, at ——

(affirming dismissal because plaintiff inadvertently omitted curriculum vitae from packet transmitting report); *Thoyakulathu*, 192 S.W.3d at 850 (ordering dismissal when report served late due to facsimile transmission problem); *Mokkala*, 178 S.W.3d at 76 (ordering dismissal when plaintiff missed 120–day deadline by one day). However, "[i]t is the province of the legislature—not this court—to provide for extensions or grace periods regarding this deadline." *Mokkala*, 178 S.W.3d at 76.

▇▇▇ Even if the trial court had discretion to grant an equitable extension, Regis has not shown the trial court would have abused its discretion in failing to do so. Regis presented evidence that she was not able to obtain the medical records for two years. The evidence also shows, however, that she waited more than a year after her first request for records, which was not accompanied by a proper authorization, before she made any attempt to follow up on her request. Further, she never sought any assistance from the court in obtaining the records, and she let the expert deadline pass without first filing a motion for extension of time. Thus, even if the trial court had discretion to grant an equitable extension, it would not have abused that discretion in refusing to grant one here. *See In re Xeller*, 6 S.W.3d 618, 624 (Tex. App.-Houston [14th Dist.] 1999, no pet.) (stating that equitable relief " 'aids the diligent and not those who slumber on their rights' " (quoting *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex.1993))).

We overrule Regis's first issue.

---

**3.** Regis attached to her appellate brief several letters and other documents showing her efforts to obtain the medical records. These are not included in our record on appeal. *See WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n. 23 (Tex.App.-Houston [14th Dist.] 2005, pet. denied) ("[W]e cannot consider documents attached as appendices to briefs and must consider a case based solely upon the record filed."). However, comments at the dismissal hearing suggest the trial court may have had this evidence before it. We need not determine whether we may properly review this evidence under these circumstances because we conclude, even considering it, that Regis's arguments are without merit.

■ In her third issue, Regis argues that the 120–day deadline should be tolled for 75 days under Civil Practice and Remedies Code section 74.051. Section 74.051 requires that a plaintiff notify a defendant at least 60 days before filing a health care liability claim and provides that such notice tolls the applicable statute of limitations for 75 days. TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a), (c). By its plain language, this section pertains to pre-claim notice and tolling the statute of limitations, not expert report deadlines. Regis merely asserts that this section should toll the expert deadline without providing any explanation or authority in support. We reject this argument and overrule Regis's third issue.

■ In her fourth issue, Regis argues the abatement provision of section 74.052(a) should toll the 120–day expert report deadline. *See id.* § 74.052(a). Section 74.052(a) states that a plaintiff's failure to provide proper authorization for release of medical information "shall abate all further proceedings against the [defendant] until 60 days following receipt . . . of the required authorization." *Id.* Although Regis had previously asked for medical records, she did not provide HCHD the proper authorization form until December 9, 2004. Thus, she argues the case should have been abated until 60 days after December 9, 2004, which would also toll the 120–day period for service of her expert report by 60 days. However, an abatement of the proceedings under section 74.052(a) does not toll or extend the 120–day period for filing an expert report. *Cf. Emeritus*, 2006 WL 1466542, at *7, at 327 (holding agreed abatement to allow compliance with 60–day notice requirement of section 74.051(a) did not extend 120–day deadline or constitute an agreement of the parties to extend). As the court in *Emeritus* reasoned, if abatement under section 74.051 tolled the 120–day period, " 'a plaintiff would in fact be rewarded with additional time for the filing of his report by his failure to comply with the statutory notice requirement.' " *Id.* (quoting *Hagedorn v. Tisdale*, 73 S.W.3d 341, 348 (Tex. App.-Amarillo 2002, no pet.)). Furthermore, an abatement under section 74.052(a) would have ended on February 7, 2005—60 days after Regis provided HCHD the proper authorization. Thus, even if the start of the 120–day deadline was delayed until February 7, 2005, her expert report—served 142 days later on June 29, 2005—would still have been untimely. Accordingly, we overrule Regis's fourth issue.

■ In her final issue, Regis argues that her expert was well qualified to give an opinion. However, our threshold inquiry is whether Regis timely served her expert report under section 74.351(a). *See Herrera*, 2006 WL 1707983, at *3, at ——. Because we have determined that she failed to meet the statutory deadline, the trial court had no discretion but to dismiss. *See Valley Baptist*, 198 S.W.3d at 815; *Herrera*, 2006 WL 1707983, at *1, at ——; *Thoyakulathu*, 192 S.W.3d at 852; *Mokkala*, 178 S.W.3d at 76. Thus, whether Regis's expert is qualified is irrelevant in this case. We overrule Regis's fifth issue.

We affirm the trial court's judgment.