NO. 07-06-0454-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 31, 2007

_____

STANTON CLARK PACKARD, M.D., APPELLANT

V.

MAURICE ROBERT MILLER, JR., APPELLEE

_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 04-81; HONORABLE RON ENNS, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION ON REHEARING**

Remaining convinced that our original disposition is correct, we overrule Appellee's motion for rehearing, but withdraw our original opinion and judgment, and substitute this opinion in lieu thereof with additional comments.

Appellant, Stanton Clark Packard, M.D., brings this appeal from an order denying a motion to dismiss filed pursuant to § 74.351 of the Texas Civil Practices and Remedies Code.[1] Section 74.351(a) mandates that, in a health care liability claim, the claimant shall serve each party or the party's attorney with an expert report, with curriculum vitae attached, not later than the 120th day after the date the claim is filed. Section 74.351(b) provides that if that report has not been served within the requisite period of time, the trial court shall dismiss the claim. In this case Appellee, Maurice Robert Miller, Jr., was unable to serve the expert report until the 130th day after the date of filing because he was unable to obtain service of process until that date. The issue presented by this appeal is whether the trial court erred in denying Dr. Packard's motion to dismiss based upon the failure to serve the expert report within the statutory 120 day period, when Dr. Packard was not served with service of process during that period. Finding error, we reverse and remand for further proceedings.

**Background Facts**

In August 2002, Miller went to the emergency room at the Moore County Hospital complaining of mid and upper chest pain. Three days later he was admitted to the hospital for treatment of a myocardial infarction. On November 8, 2004, Miller filed suit contending that his heart was damaged by the failure of Dr. Packard to properly diagnose his heart

---

[1]Unless otherwise noted, all statutory references herein are to the Texas Civil Practice & Remedies Code Annotated (Vernon 2005 & Supp. 2006).

2

condition. Miller was unable to effectuate formal service of process on Dr. Packard until March 18, 2005, the 130th day after the original date of filing suit.[2] The expert report was attached to the petition when it was served.

Based on the fact that Miller did not serve his expert report on Dr. Packard within 120 days after the date of filing his claim, Dr. Packard moved to dismiss Miller's health care liability claim pursuant to § 74.351(b). The trial court denied Dr. Packard's motion to dismiss, and this appeal ensued.

### Interlocutory Appeal

As a general rule, a party is not allowed to appeal an interlocutory order unless specifically authorized by statute.[3] Section 51.014(a)(9) provides that a person may appeal an interlocutory order that denies all or part of the relief sought by a motion under § 74.351(b). Because Dr. Packard's motion was filed pursuant to that statute, he is

---

[2]Miller filed suit on November 8, 2004, under the version of § 74.351 that was effective for claims filed on or after September 1, 2003. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.01, 10.09, 23.02(a), (d), 2003 Tex. Gen. Laws 847, 864, 875, 884, 898-99. The Texas Legislature amended § 74.351 in 2005; however, the 2005 changes apply "only to a cause of action that accrues on or after the effective date of this Act. An action that accrued before the effective date of this Act is governed by the law applicable to the action immediately before the effective date of this Act, and the law is continued in effect for that purpose." Act of May 18, 2005, 79th Leg., ch. 635, § 2, 2005 Tex. Gen. Laws 1590. Because the 2003 version of § 74.351 applies to this case, all references to § 74.351 herein are to the 2003 version.

[3]*Lehmann v. Har-Con Corp.,* 39 S.W. 3d 191, 195 (Tex. 2001).

3

authorized to bring this appeal notwithstanding the fact that the order in question is interlocutory.

**Section 74.351**

Miller's claim against Dr. Packard is a health care liability claim governed by chapter 74 of the Code. Section 74.351(a) provides that a claimant in a health care liability claim shall, not later than the 120th day after the date the claim was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae attached. This deadline for serving the report may be extended by written agreement of the parties;[4] however, there was no such agreement in this case. Furthermore, in situations where a report has been filed but the elements of that report have been found to be deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency.[5] This exception to the general rule is likewise not applicable to the facts of this case because it applies only in those situations where an initial report has been timely served, but has been found to be deficient in some material fashion.[6] Other than the two statutory exceptions

---

[4]Section 74.351(a).

[5]Section 74.351(c).

[6]*See Estate of Regis ex rel. McWashington v. Harris Co. Hosp. Dist.,* 208 S.W.3d 64, 67 (Tex.App.–Houston [14th Dist.] 2006, no pet.); *Valley Baptist Med. Ctr. v. Azua,* 198 S.W.3d 810, 815 (Tex.App.–Corpus Christi 2006, no pet.).

4

set forth above, the trial court has no authority to extend the deadline for filing an expert report.[7]

## Standard of Review

The trial court's ruling on a motion to dismiss pursuant to § 74.351(b) is reviewed under an abuse of discretion standard.[8] A trial court abuses its discretion if it acts in an unreasonable and arbitrary manner such that the exercise of that discretion amounts to a "clear and prejudicial error of law."[9]

## Analysis

Miller argues that the trial court's denial of Dr. Packard's motion to dismiss was based upon an implied equitable extension of the time to file the expert report. Miller contends that the equitable extension was based upon a construction of Rule 21a of the Texas Rules of Civil Procedure which allows the trial court to "extend the time for taking the action required . . . or grant such other relief as it deems just." This provision

---

[7]Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (c); *See also Soberon v. Robinson,* No. 09-06-0067-CV, 2006 WL 1781623 (Tex.App.–Beaumont June 29, 2006, pet. denied)(not designated for publication); *McWashington,* 208 S.W.3d at 68; *Thoyakulathu v. Brennan,* 192 S.W.3d 849, 853 (Tex.App.–Texarkana, 2006, no pet.); *Garcia v. Marichalar,* 185 S.W.3d 70, 74 (Tex.App.–San Antonio 2005, no pet.).

[8]*Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 875 (Tex. 2001).

[9]*In re Bass,* 113 S.W.3d 735, 738 (Tex. 2003); quoting *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (original proceeding).

specifically pertains to a party's right to seek redress from the consequences of what is commonly referred to as the "mailbox rule" and has no application to the facts of this case. Furthermore, because the Legislature has provided the exclusive means by which a trial court may grant an extension of time to file an expert report, Rule 21a does not give the trial court authority to enter an order extending the time to file an expert report.

Miller next argues that the trial court had the discretion to refuse to dismiss the suit because the failure to timely serve the expert report was due to Dr. Packard's failure to make himself readily amenable to service of process, and that by "avoiding" service of process, a health care provider might prevent an otherwise-entitled claimant from making a legitimate health care liability claim. While the equities of this argument are apparent to this Court, it is not within the province of this Court, or the trial court, to adopt an "equitable extension" to the clear requirements of § 74.351.

Finally, because Dr. Packard waited almost eighteen months to file his motion to dismiss, Miller opines that Dr. Packard should be equitably estopped from asserting his right to file a motion to dismiss pursuant to § 74.351. The Legislature did not include an explicit deadline for the filing of a motion to dismiss. Miller's equitable arguments are more appropriately directed to the reasonableness of any attorney's fees which Dr. Packard may claim to be entitled to under the provisions of § 74.351(b).

6

As stated above, the Legislature has provided two specific exceptions to the mandatory dismissal provisions of § 74.351(b).[10] To engraft an exception based upon Appellant's arguments would amount to blatant legislating from the bench. The Legislature has spoken and the seemingly harshness of this provision does not change the clear language of the statute.[11]

## Conclusion

Because the trial court did not have the authority to extend the time to file the required expert report, it failed to follow clear precedential authority in the interpretation and application of § 74.351(b). Accordingly, it abused its discretion in denying Dr. Packard's motion to dismiss. We sustain Dr. Packard's issue and reverse the order of the trial court denying the motion to dismiss. This cause is remanded to the trial court with instructions to enter an order of dismissal of Miller's claims against Dr. Packard, with prejudice, and for

---

[10] *See footnote No. 7.*

[11] *See Turner v. Cross,* 83 Tex. 218, 18 S.W. 578, 579 (1892) (holding, "It is the duty of a court to give to language used in a statute the meaning with which it was used by the legislature if this can be ascertained; . . . and if, so applying them, the legislation in which they are found seems to be harsh, or not to embrace and give remedies for acts for which remedies ought to be given, the courts, . . . are not authorized to place on them a forced construction for the purpose of mitigating a seeming hardship, . . . . It is the duty of a court to administer the law as it is written, and not to make the law; and however harsh a statute may seem to be, or whatever may seem to be its omission, courts cannot, on such considerations, by construction sustain its operation, or make it apply to cases which it does not apply, without assuming functions that pertain solely to the legislative department of the government.")

7

such further proceedings and orders as the parties may show themselves justly entitled to receive in accordance with this opinion.


Patrick A. Pirtle
Justice