Opinion issued October 23, 2008










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00469-CV

____________


JOHN M. LIM, M.D., Appellant


V.


RALPH WEST, Appellee






On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 2007-77966





MEMORANDUM OPINION


 The issue in this interlocutory appeal is whether the trial court abused its
discretion by denying a doctor's motion to dismiss a health care liability case when
the case had been abated "in accordance with Chapter 74 of the Texas Civil Practice
and Remedies Code." We affirm.

 Appellant John M. Lim, M.D. moved to dismiss appellee Ralph L. West's
medical malpractice lawsuit on the grounds that West did not timely serve an expert
report. (1) See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a), (b) (Vernon Supp.
2008) (stating that expert report shall be served not later than 120 days after date
original petition filed). Lim had previously drafted an agreed order, which was signed
by Lim, West, and the trial court, to abate the case "in accordance with Chapter 74 of
the Texas Civil Practice and Remedies Code." 

 At the hearing on Lim's motion to dismiss, Lim argued that the agreed
abatement applied only to abate further proceedings against him under Civil Practices
and Remedies Code section 74.052(a), but did not serve as a written agreement of the
parties to extend the time to serve the expert report under section 74.351(a). (2) See Tex.
Civ. Prac. & Rem. Code Ann. § 74.052(a) (Vernon 2005), § 74.351(a) (Vernon
Supp. 2008). The trial court denied the motion to dismiss the appeal.

 West states in his appellant's brief that the hearing was evidentiary, and Lim
does not refute West's contention. See Michiana Easy Livin' Country, Inc. v. Holten,
168 S.W.3d 777, 783 (Tex. 2005) (stating that party's appellate brief may show that
evidentiary hearing took place in open court). Lim did not request findings of fact,
and there is no reporter's record of the hearing.

 Lim's single issue on appeal is that the trial court abused its discretion in
denying the motion to dismiss because West did not timely serve his expert report. 
See Am. Transitional Care Ctrs., Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001)
(holding that abuse of discretion is proper standard for reviewing trial court's order
on challenge to expert report). Accordingly, we are asked to determine the legal
significance of the agreed order that abated the case "in accordance with Chapter 74
of the Texas Civil Practice and Remedies Code."

 Lim contends that, as a matter or law, an abatement does not extend the time
for serving an expert report. See Emeritus Corp. v. Highsmith, 211 S.W.3d 321,
328-330 (Tex. App.--San Antonio 2006, pet. denied) (holding order merely stating
"this case is abated until 60 days from the date Defendants receive notice of a health
care claim" with no evidence of what lawyers or trial court intended by that order does
not extend deadline to serve expert report); Estate of Regis ex rel. McWashington v.
Harris County Hosp. Dist., 208 S.W.3d 64, 69 (Tex. App.--Houston [14th Dist.]
2006, no pet.) (abatement of case under Civil Practice and Remedies Code section
74.052(a) does not toll or extend 120-day period for filing expert report); Hagedorn
v. Tisdale, 73 S.W.3d 341, 347-49 (Tex. App.--Amarillo 2002, no. pet.) (without
agreement to extend time to serve expert report, agreed abatement based on plaintiff's
failure to give 60 days written notice of claim did not affect deadline to serve expert
report). The courts of appeals that have considered this issue have held that an
abatement based solely on Civil Practice and Remedies Code section 74.052(a) does
not affect the deadline to file an expert report under section 74.351(a). (3) This appeal,
however, differs from those cases because a fact question exists concerning the basis
for the abatement.

 The trial court abated the case "in accordance with Chapter 74 of the Texas
Civil Practice and Remedies Code." Accordingly, that abatement order could refer
to the section 74.052(a) abatement, the section 74.351(a) agreed extension of time, or
both. The trial court conducted a hearing on the motion to dismiss, the trial court
denied the motion, and there is no reporter's record, findings of fact, or statement in
the record that no evidence was adduced at the hearing.

 Absent a sufficient record, we cannot dispense with the presumption that the
trial court found all facts necessary to support its ruling. See BMC Software Belg.,
N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002) (when trial court does not issue
findings of fact with special appearance ruling, all facts necessary to support ruling
and supported by evidence are implied); see also Michiana, 168 S.W.3d at 783
(complaining party must present record of evidentiary hearing to establish error). We
are therefore unable to conclude that the trial court abused its discretion in denying the
motion to dismiss, and we overrule Lim's single issue.

 We affirm the trial court's order denying the Lim's motion to dismiss. The
Clerk of this Court is directed to issue the mandate immediately to allow further
proceedings in the trial court. See Tex. R. App. P. 18.6 (expediting issuance of
mandate in accelerated appeals).



 Sam Nuchia 

 Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Higley.
1. West filed his original petition pro se on December 28, 2007. West did not
give Lim at least 60 days notice of West's claim as required by Civil Practice
and Remedies Code section 75.051(a), and West did not give Lim medical
authorizations as required by Civil Practice and Remedies Code section
75.052(a). See Tex. Civ. Prac. & Rem. Code Ann. §§ 74.051(a), .052(a)
(Vernon 2005). Absent an agreed extension, the expert report was due no later
than April 28, 2008. The trial court signed an agreed abatement order on
April 17, 2008.
2. West's response to the motion to dismiss was accompanied by an affidavit from
West's newly retained lawyer. In the affidavit, the lawyer stated that he spoke
with Lim's lawyer on April 9, 2008 and told her he was preparing for trial in
another case and "would prefer having [West's] case abated as opposed to
trying to comply with the terms of the statute prior to or during trial." Lim filed
a reply, which was accompanied by an affidavit from Lim's lawyer stating, "No
discussion was had about why he agreed to this abatement and I was unaware
that he was preparing for trial. No discussion was had about the Chapter 74
deadline in this case or any extension thereof."
3. Section 74.052(a) states:


 Notice of a health care claim under Section 74.051 must be
accompanied by a medical authorization in the form
specified by this section. Failure to provide this
authorization along with the notice of health care claim
shall abate all further proceedings against the physician or
health care provider receiving the notice until 60 days
following receipt by the physician or health care provider
of the required authorization.


 Tex. Civ. Prac. & Rem. Code Ann. § 74.052(a) (Vernon 2005). We note that
this statute appears to abate the proceedings without the necessity of an order
from the trial court ("Failure to provide this authorization . . . shall abate all
further proceedings against the physician or health care provider receiving the
notice"). Cf. Tex. Bus. & Com. Code Ann. § 17.505 (Vernon 2002) (requiring
60 days notice of DTPA claim and providing for abatement by trial court or
automatic abatement without court order).