NUMBER
13-09-00076-CV

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

                                                                      

 

ELIDA RAMIREZ, INDIVIDUALLY AND AS

REPRESENTATIVE OF THE ESTATE OF

ENRIQUETA GOMEZ, DECEASED, CRUZ

GOMEZ, DIANA CONTRERAS, GUADALUPE

SALAZAR, JOE GOMEZ, JOSEFA GOMEZ, 

JUAN GOMEZ, LEO GOMEZ, MANUELA G. REYNA, 

PABLO GOMEZ, PEDRO GOMEZ, AND VIRGINIA 

GONZALEZ,                                                         Appellants,

 

v.

 

DOCTORS HOSPITAL AT RENAISSANCE, LTD.,                    
Appellee.

                                                                      

 

On appeal from the County Court at Law No. 4

of Hidalgo County, Texas.

                                                                  

 

 




O P I N I O N

 

                      Before
Justices Garza, Benavides, and Vela

                                   Opinion
by Justice Benavides

 

Appellants, Elida Ramirez,
individually and as representative of the estate of Enriqueta Gomez, Deceased, Cruz
Gomez, Diana Contreras, Guadalupe Salazar, Joe Gomez, Josefa Gomez, Juan Gomez,
Leo Gomez, Manuela G. Reyna, Pablo Gomez, Pedro Gomez, and Virginia Gonzalez
(collectively “Ramirez”), appeal the trial court’s order granting attorneys’
fees in favor of appellee, Doctors Hospital at Renaissance, Ltd. (the
“hospital”) after their health care liability claims were dismissed.  See Tex. Civ. Prac. & Rem. Code Ann. §
74.351(b) (Vernon Supp. 2010).  By a single issue, Ramirez argues that the
trial court erred by awarding attorneys’ fees based on Ramirez’s failure to
file an expert report because the hospital failed to provide medical records in
a timely manner.  See id. § 74.051(d) (Vernon 2005).  We affirm.

I.  Background

            This
is the second time this case has been before this Court.  See Doctors Hosp.
at Renaissance, Ltd. v. Ramirez, No. 13-07-00608-CV, 2008 Tex. App. LEXIS
5124 (Tex. App.–Corpus Christi July 10, 2008, no pet.) (mem. op.) (“Ramirez
I”).[1]
 In Ramirez I, we addressed the trial court’s dismissal of
Ramirez’s health care liability claims for failure to file an expert report.  Id.
at **5-6.  The order at issue in Ramirez I dismissed Ramirez’s claims
and awarded attorneys’ fees to the hospital in the event that Ramirez appealed
but not for fees incurred in obtaining the dismissal by the trial court.  Id.
at **3-4.  The hospital argued on appeal that this was error, and we agreed.  Id.
at *13.  We reversed the trial court’s judgment and remanded to the trial court
to determine the appropriate amount of attorneys’ fees.  Id.

            We noted in Ramirez I that Ramirez argued
that the trial court improperly granted the motion to dismiss because the
hospital “willfully, knowingly, and intentionally failed to provide medical
records on four occasions,” preventing Ramirez from filing an expert report
within 120 days of filing suit.  Id. at *3 n.2.  We held, however, that
Ramirez waived this argument by failing to file a notice of appeal.  Id.
(citing Tex. R. App. P. 25.1(c) (“A
party who seeks to alter the trial court's judgment or other appealable order
must file a notice of appeal. . . .  The appellate
court may not grant a party who does not file a notice of appeal more favorable
relief than did the trial court except for just cause.”)).  

            On remand, the trial court awarded the hospital
attorneys’ fees of $22,000 in the trial court, $6,000 if the award was
unsuccessfully appealed to this Court, $5,000 if Ramirez files a petition for
review with the Texas Supreme Court, and $4,000 if the petition is granted. 
This appeal ensued.[2]




II.  Analysis

            By
a single issue, Ramirez argues that the hospital waived its entitlement to
attorneys’ fees by failing to provide medical records as required by section
74.051(d) of the Texas Civil Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. §
74.051(d).[3] 
The hospital argues that Ramirez waived this argument by failing to file a
cross-appeal in Ramirez I.  Assuming, without deciding, that this issue
is properly before us, we disagree that the failure of a defendant to produce
medical records excuses a health care liability plaintiff’s duty to file a
timely expert report.

            Ramirez contends that the hospital’s failure to
provide the medical records is conduct inconsistent with an intent to rely upon
the protections of chapter 74, including the right to dismissal under section
74.351.  See Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(a)-(b).  However, a claimant’s efforts to obtain
medical records under section 74.051 do not serve to toll or extend the expert
report deadline.  See Estate of Regis v. Harris County Hosp. Dist., 208
S.W.3d 64, 68 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (holding that the
plaintiff was not entitled to an equitable extension of the deadline for filing
her medical report on the basis that she made a good-faith effort to obtain her
medical records from the defendant and the defendant did not provide them); see
also Garza v. Saenz, No. 13-09-00111-CV, 2010 Tex. App. LEXIS 1615, at *1
(Tex. App.–Corpus Christi Mar. 4, 2010, no pet.) (mem. op.); Gulf Coast Med.
Ctr., LLC v. Temple, No. 13-09-00350-CV, 2010 Tex. App. LEXIS 405, at *14
(Tex. App.–Corpus Christi Jan. 21, 2010, no pet.) (mem. op.); Offenbach v.
Stockton, 285 S.W.3d 517, 521 (Tex. App.–Dallas 2009, no pet.) (noting that
section 74.351 does not contain a “good faith” or “due diligence” exception to
the 120-day expert report deadline).  

A claimant’s efforts to obtain
medical records under section 74.051 do not affect a court’s mandate to award
attorneys’ fees in the case of dismissal, either.  Although the
Texas Supreme Court in Garcia v. Gomez left open the possibility that
“discovery sanctions might offset an award of fees and costs under section
74.351(b),” it refused to excuse the failure to file an expert report where the
trial court has not made a finding of discovery abuse.  319 S.W.3d 638, 643
(Tex. 2010).  Because there is no finding of discovery abuse in this case,[4]
we similarly refuse to consider whether an offset is appropriate here.

            It is undisputed that Ramirez did not file an
expert report before the 120-day deadline expired.  Accordingly, as we held in Ramirez
I, the trial court had no discretion but to dismiss the case and to award
attorneys’ fees.  See 2008 Tex. App. LEXIS 5124, at *12.  We overrule
Ramirez’s sole issue.  

III.  Conclusion

            Having overruled Ramirez’s issue, we affirm.

 

________________________

GINA
M. BENAVIDES,

Justice

 

 

 

Delivered and filed the

27th day of January, 2011. 

 

 









[1] The factual background of this case is set forth in Ramirez I
and will not be repeated here except as necessary to explain the basis of our
holding.  See Tex. R. App. P.
47.1 (“The court of appeals must hand down a written opinion that is as brief
as practicable but that addresses every issue raised and necessary to final
disposition of the appeal.”).  





[2] The trial court signed the order granting attorneys’ fees on
November 20, 2008.  Ramirez did not file a notice of appeal until January 12,
2009.  Thus, the hospital filed a motion to dismiss, arguing the notice of
appeal was untimely.  See Tex. R.
App. P. 26.1.  Thereafter, Ramirez filed a rule 306a(5) motion in the
trial court, which the trial court granted, finding that Ramirez’s counsel did
not receive notice or acquire actual knowledge of the judgment until January 5,
2009.  See Tex. R. Civ. P. 306a(5). 
The appellate timetable, therefore, did not start until January 5, 2009, and
the notice of appeal was timely.  Accordingly, we deny the motion to dismiss.

 





[3] Section 74.051(d) provides:

 

All parties shall be entitled to obtain complete and unaltered
copies of the patient's medical records from any other party within 45 days
from the date of receipt of a written request for such records; provided,
however, that the receipt of a medical authorization in the form required by
Section 74.052 executed by the claimant herein shall be considered compliance
by the claimant with this subsection.

 

Tex. Civ. Prac. & Rem. Code Ann. § 74.051(d) (Vernon 2005).

 





[4] Although the clerk’s record
indicates that a motion to compel and a motion for sanctions were filed at one
point in this case, it is unclear from the record which party filed these
motions.  Further, the trial court never ruled on either motion.  Thus, there
is no formal “finding of discovery abuse.”