

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00272-CV

RICHARD WHITE 　　　　　　　　　　　　　　　　　　　APPELLANT

V.

DR. MICHAEL J. WILLENBORG, 　　　　　　　　　　　APPELLEES
M.D. AND COLUMBIA MEDICAL
CENTER OF LEWISVILLE
SUBSIDIARY, L.P. A/K/A
LEWISVILLE MEDICAL CENTER

----------

### FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Richard White filed a health care liability claim against Appellees Dr. Michael J. Willenborg, M.D. and Columbia Medical Center of Lewisville Subsidiary, L.P. a/k/a Lewisville Medical Center. White failed to serve Appellees with an expert report within 120 days of the date he filed suit as required by

---

[1]See Tex. R. App. P. 47.4.

chapter 74 of the Texas Civil Practice and Remedies Code. Both Appellees moved to dismiss White's suit. White filed a motion requesting an extension of time to serve his expert report; this motion was also filed after the 120-day deadline. The trial court granted both Appellees' motions to dismiss, and White perfected this appeal.

In two issues, White complains that the trial court erred by denying his request for additional time to serve an expert report and that he was entitled to additional time to file his expert report because he did not receive from Appellees a full and unaltered copy of his medical records despite Appellees' statutory duty to provide him with such within forty-five days of receipt of written notice requesting the records. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.051(d) (Vernon 2005) (providing that "[a]ll parties shall be entitled to obtain complete and unaltered copies of the patient's medical records from any other party within 45 days from the date of receipt of a written request for such records"). White claims that without a complete and unaltered copy of his medical records he was unable to obtain an expert report and should have been granted additional time to serve an expert report on Appellees.[2]

---

[2]At the hearing on Appellees' motions to dismiss, White did not offer evidence concerning the allegation he asserts on appeal—that Appellees did not provide him with a full and unaltered copy of his medical records. White offered no evidence concerning exactly what portions of his medical records he claimed were incomplete or how the alleged incompleteness caused him to be unable to obtain an expert report.

Unless the date for serving the expert report is extended by written agreement of the parties, the trial court possesses a mandatory, nondiscretionary duty to dismiss a health care liability claim on a defendant's motion when the plaintiff has failed to serve an expert report within 120 days of filing his or her original petition. *See id.* § 74.351(b), (c) (Vernon Supp. 2010); *Badiga v. Lopez*, 274 S.W.3d 681, 684 (Tex. 2009) (holding trial court has no discretion to grant an extension if no report is filed by the 120-day deadline); *Estate of Regis ex rel. McWashington v. Harris County Hosp. Dist.*, 208 S.W.3d 64, 67 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (rejecting contention that defendant's failure to provide copy of medical records entitled plaintiff to equitable extension of time to serve expert report); *see also Lone Star HMA, L.P. v. Wheeler*, 292 S.W.3d 812, 814 (Tex. App.—Dallas 2009, no pet.) (holding plaintiff not entitled to extension of 120-day deadline to serve expert report despite documented difficulties serving defendant with citation).

Based on the appellate record before us and based on the lack of a written agreement by the parties extending the deadline for White to serve an expert report, we hold that the trial court did not abuse its discretion by denying White's motion for an extension of time to serve an expert report and that Appellees' alleged failure in this particular case to provide a complete and unaltered copy of White's medical records to White did not entitle him to additional time to serve an expert report; we affirm the trial court's orders granting Appellees' motions to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b), (c); *Badiga,* 274

3

S.W.3d at 684; *Estate of Regis ex rel. McWashington*, 208 S.W.3d at 67.  We overrule both of White's issues.

SUE WALKER  
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  February 24, 2011