ACCEPTED
01-14-00792-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/30/2014 2:56:21 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-00792-CV

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/30/2014 2:56:21 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FIRST JUDICIAL DISTRICT OF TEXAS

_____

**EUGENIA WOODARD**
*Appellant*

V.

**DR. RONNIE ELMORE (DDS)**
*Appellee.*

_____

On Appeal from the 215th District Court
Harris County, Texas

_____

**BRIEF OF APPELLEE DR. RONNIE ELMORE (DDS)**

_____

SPROTT NEWSOM LUNCEFORD
QUATTLEBAUM MESSENGER
/s/_____
JOEL RANDAL SPROTT
State Bar No. 18971580
Sprott@sprottnewsom.com
DIANA M CAVAZOS
State Bar No. 24056671
cavazos@sprottnewsom.com
2211 Norfolk, Suite 1150
Houston, Texas  77098
(713) 523-8338
(713) 523-9422 (FAX)
ATTORNEYS FOR APPELLEE
DR. RONNIE ELMORE (DDS)

# IDENTITY OF PARTIES AND COUNSEL

In accordance with Rule 52.3(a) of the TEXAS RULES OF APPELLATE PROCEDURE, the following list identifies all parties and their counsel involved in the underlying lawsuit, so that the justices of this Honorable Court may evaluate the need to recuse or disqualify themselves:

**Appellee/Defendant:**      Dr. Ronnie Elmore (DDS)

**Counsel For Appellee:**      Joel Randal Sprott
State Bar No. 18971580
Diana M Cavazos
State Bar No. 24056671
SPROTT NEWSOM LUNCEFORD
QUATTLEBAUM MESSENGER
2211 Norfolk, Suite 1150
Houston, TX 77098
713-523-8338
713-523-9422 (Fax)
sprott@sprottnewsom.com

**Appellant/Plaintiff:**      Eugenia Woodard, Pro Se Appellant
115 Arbor St. #2
Baytown, TX  77520
832-996-6145
713-443-7035
832-279-4331
Woodardeugenia93@yahoo.com

**STATEMENT REGARDING ORAL ARGUMENT**

Pursuant to Rule 39 of the TEXAS RULES OF APPELLATE PROCEDURE, because the dispositive issues or issues have been authoritatively decided, and the facts and legal arguments are adequately presented in the briefs and records, appellee does not believe that oral argument would significantly aid the Court in its consideration of Appellant's appeal.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ......................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ............................................... iii

TABLE OF CONTENTS.................................................................................iv

INDEX OF AUTHORITIES..............................................................................v

STATEMENT OF THE CASE.............................................................................2

RESPONSE TO ISSUES PRESENTED FOR REVIEW...........................................4

STATEMENT OF FACTS ................................................................................5

SUMMARY OF THE ARGUMENT ....................................................................7

ARGUMENT AND AUTHORITIES....................................................................8

**Response to Issue Presented 1:**

> THE DISTRICT COURT'S DISMISSAL OF PLAINTIFF'S HCLC
> WAS PROPER BECAUSE PLAINTIFF FAILED TO FILE A
> STATUTORILY REQUIRED EXPERT REPORT.......................................8

**Response to Issue Presented 2:**

> ADR IS NOT APPROPRIATE WHEN THE COURT'S DISMISSAL
> OF PLAINTIFF'S HCLC WAS PROPER ..................................................8
>
> A.   THE TRIAL COURT WAS REQUIRED TO DISMISS.....................8
>
> B.   ADR WAS NOT APPROPRIATE...............................................9

CONCLUSION AND PRAYER ...........................................................................10

CERTIFICATE OF SERVICE ............................................................................10

CERTIFICATE OF COMPLIANCE......................................................................11

APPENDIX .................................................................................................13

# INDEX OF AUTHORITIES

*Statutes & Rules of Procedure*

TEX. CIV. PRAC. & REM. CODE ANN §74.351(a)................................................. 5,7-8

TEX. CIV. PRAC. & REM. CODE ANN §74.351(b)(2) ................................................ 7-8

TEX. R. APP. P. 52.3(a). ........................................................................................ ii

TEX. R. APP. P. 39.................................................................................................. iii

TEX. R. APP. P. 38.1(i).......................................................................................... 2

TEX. R. APP. P. 9.4(i)(3). ...................................................................................... 12

*Case Law*

*Estate of Regis ex. Rel. McWashington v. Harris County Hosp. Dist.*,
    208 S.W.3d 64 (Tex. App. – Houston [14th Dist.] 2006, no pet.) .................. 9

*Keene Corp. v. Gardner*,
    837 S.W.2d 224 (Tex. App.—Dallas 1992, writ denied)............................... 9

*Scoresby v. Santillan*,
    346 S.W. 3d 546 (Tex. 2011) ........................................................................ 8

*Walton v. Cannon, Short & Gaston*,
    23 S.W. 3d 143 (Tex. App. – El Paso 2000, no pet.) .................................... 9

No. 01-14-00792-CV

_____

IN THE COURT OF APPEALS
FIRST JUDICIAL DISTRICT OF TEXAS
_____

**EUGENIA WOODARD**
*Appellant*

V.

**DR. RONNIE ELMORE (DDS)**
*Appellee.*

_____

On Appeal from the 215th District Court
Harris County, Texas
_____

**BRIEF OF APPELLEE DR. RONNIE ELMORE (DDS)**
_____

Appellee, DR. RONNIE ELMORE submits this brief. Appellee will be referred to as either "Dr. Elmore" or "Defendant." Appellant, Eugenia Woodard, will be referred to as "Plaintiff" or "Ms. Woodard." The Clerk's Record will be cited as "CR", followed by the relevant page numbers; and the Supplemental Clerk's Record will be cited as "SCR", folloed by the relevant page numbers.

1

# STATEMENT OF THE CASE

*Nature of the case.* This is a healthcare liability claim ("HCLC") governed by Chapter 74 of the Texas Civil Practices and Remedies Code. Ms. Woodard filed her Original Petition on February 26, 2014. (CR 3). Plaintiff made allegations against Dr. Elmore for alleged injuries sustained during a tooth extraction. (CR 3). Plaintiff also sued Dr. Elmore's insurance company for "resist[ing] the claim." (CR 3). Defendants filed their Original Answer on March 10, 2014. (CR 8).

*Course of Proceedings.* For ease in the review of the procedure history of this case, and due to the fact that Plaintiff has not cited to the Clerk's Record, in direct violation of TEX. R. APP. P. 38.1(i), Dr. Elmore has prepared the following chart which details the relevant procedural events:

| Date | Event | CR citation |
|------|-------|-------------|
| 2/26/2014 | Plaintiff's Original Petition Motion for Oral Hearing | CR 3 |
| 3/10/2014 | Defendants Original Answer | CR 8 |
| 3/18/2014 | Defendant's Special Exceptions | SCR 3 |
| 3/28/2014 | Defendant Fortress Insurance Company's Motion for Summary Judgment | SCR 5 |
| 5/2/2014 | Order granting Fortress Insurance Company's Motion for Summary Judgment | SCR 9 |
| 7/11/2014 | Defendant's Motion to Dismiss | SCR 11 |
| 8/6/2014 | Plaintiff's Motion for ADR | SCR 13 |
| 8/19/2014 | Objection to Dispute Resolution | SCR 18 |
| 8/25/2014 | Order denying Plaintiff's Request for ADR | SCR 20 |
| 8/29/2014 | Order granting Defendant, Dr. Ronnie Elmore, DDS' Motion to Dismiss | CR 14 |

| Date | Event | CR citation |
|------|-------|-------------|
| 9/12/2014 | Plaintiff's Motion to Vacate Order of Dismissal and to Reinstate Case | CR 16 |
| 9/16/2014 | Defendant, Dr. Ronnie Elmore, DDS' Response to Plaintiff's Motion to Vacate | CR 21 |
| 9/22/2014 | Order denying Plaintiff's Motion to Vacate and to Reinstate Case | CR 23 |
| 9/24/2014 | Notice of Appeal | CR 28 |

## RESPONSE TO ISSUES PRESENTED FOR REVIEW

**ISSUE 1:**   THE DISTRICT COURT'S DISMISSAL OF PLAINTIFF'S HCLC WAS PROPER BECAUSE PLAINTIFF FAILED TO FILE A STATUTORILY REQUIRED EXPERT REPORT.

**ISSUE 2:**   ADR IS NOT APPROPRIATE WHEN THE COURT'S DISMISSAL OF PLAINTIFF'S HCLC WAS PROPER.

## STATEMENT OF FACTS

On February 26, 2014, Plaintiff filed a healthcare liability claim ("HCLC"). (CR 3). Plaintiff made allegations against Dr. Elmore for alleged injuries sustained during a tooth extraction. (CR 3). Plaintiff also sued Dr. Elmore's insurance company Fortress Insurance Company for "resist[ing] the claim." (CR 3). Defendant, Fortress Insurance Company filed a Motion for Summary Judgment for any and all claims against it on March 28, 2014. (SCR 5). The Court granted Fortress Insurance Company's Motion for Summary Judgment and dismissed all claims against it with prejudice on May 2, 2014. (SCR 9).

Ms. Woodard had sought treatment from Defendant Dr. Elmore for dental care. (CR 3). During one of the treatment sessions, Plaintiff claims to have sustained multiple injuries to her lower back, neck, mouth, and jaw as a result of an extraction at Dr. Elmore's office. (CR 3).

In accordance with the procedural requirements of the Healthcare Liability Act ("HCLA"), Plaintiff was required to serve, within 120 days from the date this Defendant filed his original answer, an expert report and curriculum vitae of an expert critical of each remaining Defendant. TEX. CIV. PRAC. & REM. CODE §74.351(a). Plaintiff wholly failed to serve the required Chapter 74 expert report.

The District Court held a hearing on the Defendants' Motions to Dismiss, and on August 29, 2014, granted Dr. Elmore's motion. (CR 14). Plaintiff timely filed her Notice of Appeal, although she has failed to pay her court fees to this Court. (CR 28).

# SUMMARY OF THE ARGUMENT

In accordance with the procedural requirements of the Healthcare Liability Act ("HCLA"), Plaintiff was required to serve, within 120 days from the date that Defendant filed his original answer, an expert report and curriculum vitae of an expert critical of each remaining Defendant. TEX. CIV. PRAC. & REM. CODE §74.351(a). Plaintiff failed to serve the required Chapter 74 expert report. The dismissal of Plaintiff's case for failing to file an expert report was appropriate and should be affirmed. TEX. CIV. PRAC. & REM. CODE §74.351(b)(2). ADR was not appropriate or required in this case.

**Response to Issue 1:** THE DISTRICT COURT'S DISMISSAL OF PLAINTIFF'S HCLC WAS PROPER BECAUSE PLAINTIFF FAILED TO FILE A STATUTORILY REQUIRED EXPERT REPORT.

**Response to Issue 2:** ADR IS NOT APPROPRIATE WHEN THE COURT'S DISMISSAL OF PLAINTIFF'S HCLC WAS PROPER.

<u>ARGUMENT AND AUTHORITIES</u>

**A. THE TRIAL COURT WAS REQUIRED TO DISMISS.**

A plaintiff in a healthcare liability claim shall, no later than the 120th day after the date Defendant files his original answer, serve on each party an expert report, with curriculum vitae, critical of each remaining Defendant. TEX. CIV. PRAC. & REM. CODE §74.351(a). If Plaintiff fails to file an expert report, the Court "on the motion of the affected health care provider…*SHALL*…enter an Order that dismisses the claim with respect to the physician with prejudice to the re-filing of the claim." TEX. CIV. PRAC. & REM. CODE §74.351(b)(2). *See also*, *Scoresby v. Santillan*, 346 S.W. 3d 546, 549 (Tex. 2011) (The Medical Liability Act entitles a defendant to dismissal of a health care liability claim if... he is not served with an expert report showing that the claim against him has merit).

Defendant, Dr. Elmore, filed his original answer on March 10, 2014. (CR 8). Plaintiff failed to file the statutorily required expert report within 120 days, or by

July 8, 2014. If a Plaintiff fails to timely file an expert report, the trial court has no discretion to do anything other than dismiss the case. *Estate of Regis ex. Rel. McWashington v. Harris County Hosp. Dist.*, 208 S.W.3d 64, 67 (Tex. App. – Houston [14th Dist.] 2006, no pet.) Thus, in this case, the District Court did not abuse its discretion in granting Defendant, Dr. Elmore's Motion to Dismiss because the Court had no discretion but to dismiss Plaintiff's case due to her failure to file the statutorily required expert report.

## B.  ADR IS NOT APPROPRIATE.

The trial court has the discretion in determining whether mediation is appropriate for an individual case. *Walton v. Cannon, Short & Gaston*, 23 S.W. 3d 143, 150 (Tex. App. – El Paso 2000, no pet.) (citing *Keene Corp. v. Gardner*, 837 S.W.2d 224, 232 (Tex. App.—Dallas 1992, writ denied). Because Plaintiff failed to file her statutorily required expert report, and because the Trial Court properly dismissed Plaintiff's claims pursuant to Chapter 74, alternative dispute resolution is not proper in this case. There are no issues in either law or fact to compromise through the ADR process,  and therefore ADR was not appropriate or required in this case and the trial court's denial of Plaintiff's Motion for ADR did not constitute an abuse of discretion.

## CONCLUSION AND PRAYER

The Trial Court did not abuse its discretion in dismissing Plaintiff's claims against Defendant because Plaintiff failed to timely file her statutorily required expert report. Additionally, the Court's denial of Plaintiff's Motion for ADR did not constitute an abuse of discretion. Therefore, Appellee, DR. RONNIE ELMORE (DDS), prays that this court affirm the District Court's dismissal of Plaintiff's medical malpractice case and order Plaintiff to pay taxable court costs.

Respectfully submitted,

SPROTT NEWSOM LUNCEFORD
QUATTLEBAUM MESSENGER

/s/ JOEL RANDAL SPROTT
JOEL RANDAL SPROTT
State Bar No. 18971580
Sprott@sprottnewsom.com
DIANA M CAVAZOS
State Bar No. 24056671
cavazos@sprottnewsom.com
2211 Norfolk, Suite 1150
Houston, Texas  77098
(713) 523-8338
(713) 523-9422 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon the following counsel of record on this 30th day of December, 2014, by E-Filing; Certified Mail, Return Receipt Requested; and/or facsimile in accordance with the Texas Rules of Appellate Procedure:

Egenia Woodard, Pro Se Appellant   *Via CMRRR: 70053110000282312502*
115 Arbor St. #2                   *Via Email:Woodardeugenia93@yahoo.com*
Baytown, TX  77520


                                   /s/ JOEL RANDAL SPROTT
                                   JOEL RANDAL SPROTT

## CERTIFICATE OF COMPLIANCE

Pursuant to TEXAS RULE OF APPELLATE PROCEDURE 9.4(i)(3), I hereby certify that this brief contains 854 words (excluding the caption, identity of the parties and counsel, statement regarding oral argument, table of contents, table of authorities, statement of the case, statement of issues presented, statement of procedural history, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ JOEL RANDAL SPROTT
JOEL RANDAL SPROTT

No. 01-14-00792-CV

_____

IN THE COURT OF APPEALS
FIRST JUDICIAL DISTRICT OF TEXAS
_____

**EUGENIA WOODARD**
*Appellant*

V.

**DR. RONNIE ELMORE (DDS)**
*Appellee.*

_____

On Appeal from the 215th District Court
Harris County, Texas
_____

**APPENDIX**

_____

Order Granting Defendant's Motion to Dismiss ........................................................Tab 1

13



NO. 2014-09985

| EUGENIA WOODARD | § | IN THE DISTRICT COURT OF |
| VS. | § | HARRIS COUNTY, T E X A S |
| DR. RONNIE ELMORE, D.D.S.<br>FORTRESS INSURANCE CO. | § | 215TH JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANT, DR. RONNIE ELMORE, D.D.S.' MOTION TO DISMISS

On this day came on to be heard Defendant, DR. RONNIE ELMORE, D.D.S.' Motion to Dismiss. The Court, having reviewed the pleadings on file, any evidence presented and heard the argument of counsel, if any, is of the opinion the motion is well taken and should be, in all things, GRANTED. It is therefore,

**ORDERED, ADJUDGED AND DECREED that this suit against DR. RONNIE ELMORE, D.D.S., be dismissed with prejudice.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff will pay $_____ in reasonable and necessary attorney's fees.

SIGNED this 29th day of August, 2014.

_____
JUDGE PRESIDING

APPROVED AS TO SUBSTANCE AND ENTRY REQUESTED:

SPROTT, RIGBY, NEWSOM & LUNCEFORD, P.C.

_____
JOEL RANDAL SPROTT
State Bar No. 18971580
DIANA M. CAVAZOS
State Bar No. 24056671
2211 Norfolk, Suite 1150
Houston, Texas 77098

Page **5** of 6

7/11/2014 3:06:16 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 1800691
By: SPENCER, JEANETTA

Certified Document Number: 62160868 - Page 1 of 2

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

(713) 523-8338
(713) 523-9422 (FAX)
sprott@sprottrigby.com
cavazos@sprottrigby.com

ATTORNEYS FOR DEFENDANT DR. RONNIE ELMORE, D.D.S.

Certified Document Number: 62160868 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 29, 2014

Certified Document Number:        62160868 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**