**Affirmed and Memorandum Opinion filed May 10, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00101-CV

---

### MICHAEL FLOECK, Appellant

### V.

### CRESCENT CONTINUING CARE CENTER COMPANY, Appellee

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 20-DCV-274248**

---

## M E M O R A N D U M   O P I N I O N

Appellant Michael Floeck appeals the trial court's order dismissing his claims under the Texas Medical Liability Act ("TMLA") for failing to timely serve an expert report. He sued appellee for negligence and other wrongful conduct that he alleges caused bed sores and other injuries during his stay at a nursing facility. He presents three issues for review: (1) his claims do not require an expert report because the doctrine of res ipsa loquitur renders the causes of his injuries self-evident; (2) the defendant's plea in abatement tolled the 120-day deadline for

serving an expert report; and (3) the COVID-19 pandemic prevented him from timely serving his report. Concluding his arguments lack merit, and we affirm.

## Background

Floeck claims he received bed sores during a six-week stay at Crescent Continuing Care Center Company, which is a nursing facility. The following year, Floeck sent Crescent a "Notice of Healthcare Liability Claim," asserting that he had been admitted to Crescent's facility for skilled nursing care. In that notice, Floeck stated that he suffered from acute respiratory problems, hyperlipidemia, muscle weakness, Parkinson's Disease, pneumonia, and other ailments, which, according to Floeck, suggested that he was disabled and bedridden and required continuous care. Floeck contended that he was left in one position for lengthy periods, resulting in severe injuries to his buttocks and other areas of his body. Approximately ten months after providing notice to Crescent, Floeck sued Crescent, asserting claims for TMLA violations, negligence, gross negligence, breach of contract, and fraud.

Crescent answered Floeck's suit. In its answer, Crescent included a plea in abatement, relying on section 74.052 of the TMLA:

> Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section. Failure to provide this authorization along with the notice of health care claim shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.

Tex. Civ. Prac. & Rem. Code § 74.052(a).

Contending that Floeck's notice of a health care claim under section 74.051 lacked an accompanying authorization under section 74.052, Crescent requested

2

abatement. There is no order or other ruling in our record on Crescent's plea in abatement.

Floeck did not serve an expert report within the statutory deadline. More than 120 days after the date Crescent filed its answer, Crescent moved to dismiss Floeck's claims for failure to comply with the expert-report deadline. *See id.* § 74.351(a), (b). Less than a week before the hearing on Crescent's motion, and 188 days after the date Crescent filed its answer, Floeck responded to Crescent's motion and attached an expert report. In his response, Floeck argued that Crescent's plea in abatement had tolled the deadline for serving the expert report and that, alternatively, adjudication of Floeck's claims did not require an expert report. Floeck also claimed that the ongoing COVID-19 pandemic had prevented him from timely filing his report and asked for a thirty-day extension.

The trial court granted Crescent's motion and dismissed Floeck's suit with prejudice. Floeck appeals.

## The TMLA

The TMLA is a comprehensive medical malpractice reform measure, codified at chapter 74 of the Texas Civil Practice and Remedies Code. *See Methodist Healthcare Sys. of San Antonio, Ltd. v. Rankin*, 307 S.W.3d 283, 287 (Tex. 2010) ("[The TMLA] was enacted in 2003 as part of House Bill 4, a top-to-bottom overhaul of Texas malpractice law."). As relevant here, section 74.351 requires a plaintiff, in cases involving a health care liability claim, to serve on the defendant one or more expert reports, on or before the 120th day after the defendant's original answer is filed. *See* Tex. Civ. Prac. & Rem. Code § 74.351(a). If the plaintiff fails to serve an expert report within the 120-day period, the statute requires a trial court, upon motion, to dismiss the plaintiff's claim with prejudice. *Id.* § 74.351(b)(2).

3

Section 74.351's expert-report requirement applies only to a health care liability claim. The TMLA defines a "health care liability claim" as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

*Id.* § 74.001(a)(13). From this definition, the Supreme Court of Texas has identified three basic elements of a health care liability claim:

> (1) a physician or health care provider must be a defendant; (2) the claim or claims at issue must concern treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's act or omission complained of must proximately cause the injury to the claimant.

*Psychiatric Sols., Inc. v. Palit*, 414 S.W.3d 724, 725-26 (Tex. 2013) (citation omitted). In his brief, Floeck does not dispute that his claims qualify as health care liability claims.

With this framework and these definitions in mind, we turn to Floeck's issues. We address Floeck's third issue first—whether an expert report is required—a question we review de novo. *See Loaisiga v. Cerda*, 379 S.W.3d 248, 254-55 (Tex. 2012); *Mem'l Hermann Hosp. Sys. v. Kerrigan*, 383 S.W.3d 611, 612, 613 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

## A. Floeck's claims were subject to the expert-report requirement.

In his third issue, Floeck argues that he was not required to serve an expert report in support of his claims. According to Floeck, his medical records alone are sufficient to establish causation and damages. An expert report, he continues,

4

would be "redundant under the circumstances, based on the doctrine of *res ipsa loquitur*."

Res ipsa loquitor means "the thing speaks for itself," which is used in certain types of cases when the circumstances surrounding an accident constitute sufficient evidence of the defendant's negligence to support such a finding. *See Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990).

Our court has previously rejected the contention, raised here by Floeck, that res ipsa loquitur vitiates the need for an expert report in health care liability cases. "'[R]es ipsa loquitur is simply a rule of evidence by which negligence may be inferred by the jury; it is not a separate cause of action from negligence.'" *Guimond v. Integrated Genetics Lab Corp Specialty Testing Grp.*, No. 14-16-00567-CV, 2017 WL 3272292, at *5 (Tex. App.—Houston [14th Dist.] Aug. 1, 2017, pet. denied) (mem. op.) (quoting *Haddock*, 793 S.W.2d at 950). Thus, even in health care liability claims to which res ipsa loquitur arguably applies, the claimant still must comply with the statutory expert-report requirement. *See Maxwell v. Seifert*, 237 S.W.3d 423, 427 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *Hector v. Christus Health Gulf Coast*, 175 S.W.3d 832, 839 (Tex. App.—Houston [14th Dist.] 2005 pet. denied); *Ruiz v. Walgreen Co.*, 79 S.W.3d 235, 239-40 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (concluding that even if res ipsa loquitur does apply, an expert report is still required).

We overrule appellant's third issue.

## B. Floeck did not timely file an expert report.

In his first issue, Floeck argues that the trial court erred in dismissing his suit under section 74.351 because Crescent's plea in abatement abated all proceedings in the case, including the deadline to file an expert report. We review a trial

court's decision on a motion to dismiss under section 74.351 for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); *Morris v. Ponce*, 584 S.W.3d 922, 924 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). Under this standard, we defer to a trial court's factual determinations, but we review de novo questions of law involving statutory interpretation. *Morris*, 584 S.W.3d at 924.

Like the argument in his third issue, Floeck's argument in his first issue is one this court has rejected. "[A]n abatement of the proceedings under section 74.052(a) does not toll or extend the 120-day period for filing an expert report." *Estate of Regis ex rel. McWashington v. Harris Cty. Hosp. Dist.*, 208 S.W.3d 64, 69 (Tex. App.—Houston [14th Dist.] 2006, no pet.). In *McWashington*, we cited an opinion from the San Antonio Court of Appeals, in which the court reasoned that, if abatement under section 74.051 tolled the 120-day period, "a plaintiff would in fact be rewarded with additional time for the filing of his report by his failure to comply with the statutory notice requirement." *Emeritus Corp. v. Highsmith*, 211 S.W.3d 321, 329(Tex. App.—San Antonio 2006, pet. denied) (internal quotation omitted).

Because Crescent's plea in abatement did not toll Floeck's deadline to serve an expert report, the report was due no later than 120 days after Crescent's answer. *See* Tex. Civ. Prac. & Rem. Code § 74.351(a); *McWashington*, 208 S.W.3d at 69. Crescent filed its answer on July 17, 2020, meaning Floeck's expert report was due on or before November 14, 2020. Because November 14 fell on a Saturday, the deadline for Floeck's expert report was extended to November 16, 2020. Floeck did not serve and file a report until January 21, 2021. His report was untimely, and the trial court did not err by implicitly rejecting this argument and granting Crescent's motion to dismiss under section 74.351(b).

6

We overrule appellant's first issue.

## C. The trial court did not err in denying Floeck's untimely extension request.

In his second issue, Floeck asserts that he eventually filed an expert report and the trial court, in its discretion, should have accepted and considered the untimely report because of the COVID-19 pandemic.

Floeck relies on section 74.351(c), which provides that, "[i]f an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency." Tex. Civ. Prac. & Rem. Code § 74.351(c). Based on the use of the word "may" in the statute, Floeck contends that the expert-report provision "is discretionary and not mandatory," and that the trial court had the discretion to extend the report deadline.

Section 74.351(c) does not support Floeck's position. Several courts of appeals, including ours, have interpreted section 74.351(c) to mean that the thirty-day extension applies only when an initial expert report is timely filed. *See McWashington*, 208 S.W.3d at 67 ("Although section 74.351(c) gives a court discretion to grant 30 days to amend a deficient expert report, this section applies only when an initial report is timely filed; it is not available to extend the deadline for first filing a report."); *Valley Baptist Med. Ctr. v. Azua*, 198 S.W.3d 810, 815 (Tex. App.—Corpus Christi 2006, no pet.) (holding that "[a]n extension under section 74.351(c) is not available if the expert report is not served by the deadline"); *Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 460 (Tex. App.—Austin 2006, no pet.) (noting that section 74.351(c) did not apply to plaintiff's late-filed expert report because that section "permits extensions for expert reports that the court finds deficient in substance, not for reports that are filed untimely");

7

*Thoyakulathu v. Brennan*, 192 S.W.3d 849, 852-53 (Tex. App.—Texarkana 2006, no pet.).

Beginning in March 2020, the Supreme Court of Texas issued a series of emergency orders regarding the COVID-19 state of disaster.[1] At the time Floeck's expert report was due (November 16, 2020), the Twenty-Ninth Emergency Order Regarding the COVID-19 State of Disaster was in effect and provided:

> Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent . . . modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than February 1, 2021.

29th Emergency Ord. Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9135, 629 S.W.3d 863, ¶ 3 (Tex. Nov. 11, 2020).

However, Floeck did not invoke the supreme court's emergency orders at any point in the trial court or otherwise seek an extension of his expert-report deadline before it expired. Floeck did not request an extension until January 21, 2021, which was sixty-six days past the deadline. Thus, while the trial court could have exercised its discretion to grant Floeck an extension based on the emergency orders, he did not timely invoke the orders and request an extension before the deadline expired. *Cf. Kim v. Ramos*, 632 S.W.3d 258, 267-72 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (affirming trial court's expert-report deadline extensions to plaintiff who requested them, pursuant to the supreme court's emergency orders, within the applicable deadlines). We cannot say that the trial

---

[1] Texas Governor Greg Abbott declared a state of disaster for all 254 counties due to the COVID-19 pandemic on March 13, 2020. *See* The Governor of the State of Tex., Proclamation No. 41-3720, 45 Tex. Reg. 2087, 2094-95 (2020), *available at* https://gov.texas.gov/news/post/governor-abbott-declares-state-of-disaster-in-texas-due-to-covid-19.

court abused its discretion in denying Floeck's untimely request for an extension and dismissing Floeck's claims for failure to timely file an expert report as required by chapter 74. *Accord, e.g.*, *Carrigan v. Edwards*, No. 13-20-00093-CV, 2020 WL 6504418, at *2 (Tex. App.—Corpus Christi Nov. 5, 2020, pet. denied) (mem. op.) ("[T]he pandemic conditions do not generate a blanket excuse which can be used to extend deadlines indefinitely, especially in the absence of any specific explanation for why such extensions are warranted.").

We overrule Floeck's second issue.

## Conclusion

We affirm the trial court's judgment.

/s/    Kevin Jewell
        Justice

Panel consists of Justices Jewell, Zimmerer, and Hassan.